By the Court.
 

 This proceeding was instituted on February 18, 1932, by the Columbus Motor Express,
 
 *12
 
 Inc., plaintiff in error here, filing a complaint with the commission against one Braddock, holder of certificate No. 1079, which complaint sets forth certain violations of the statute committed by Braddock’s predecessor in title. The complainant likewise made application to the commission to reopen a case wherein Evans
 
 &
 
 Son had theretofore filed an application to sell, and Braddock to purchase, certificate No. 1079.
 

 Briefly stated historically, the record tends to prove that in 1924 said certificate was issued to one Wright, covering operations between Hillsboro and Columbus by way of Washington C. H., Ohio; that on February 10, 1927, the certificate was sold by Wright to Evans & Son. In the present case eomplaint is made that the applicants for said purchase and sale did not comply with the law then in force, since publication was made in but two of the six counties through which the owner of the certificate operated. At that time publication was required, not by statute, but by the rules of the commission.
 

 In the instant case counsel for the Public Utilities Commission, defendant in error, claim in their brief that Wright testified that all the proper publications were in fact made, but we are unable to find Wright’s testimony in this record to that effect. In any event, under the law as it then existed, publication being authorized by a rule of the commission only, this court is of the opinion that, under the circumstances, and after a lapse of some five years, this court will not reverse the order of the commission because of the failure to publish notice under its regulations; having the power to make such regulation, it also had the power, in the exercise of its discretion, to waive the regulation if the public interest was not thereby affected. On October 22, 1931, Evans & Son, who had acquired certificate No. 1079 from Wright, and said Braddock, filed with the commission a joint application in which the former desired to sell and the latter
 
 *13
 
 to buy said certificate. It further appears that on November 14, 1931, this plaintiff in error intervened in that proceeding, requesting the commission that, if it granted the transfer from Evans
 
 &
 
 Son to Braddock, it should restrict the latter’s operation by prohibiting transportation of merchandise between Washington C. H. and Columbus, Ohio, for the reason that Evans & Son had theretofore violated the law requiring operation over the entire route, by failure to operate over that portion of the route between Washington C. H. and Columbus.
 

 After being postponed from time to time, the hearing upon the joint application of Evans & Son and Braddock was finally set for December 2, 1931, and on the 4th of that month the commission made a finding and order approving the transfer of certificate No. 1079 by Evans & Son to Braddock; said commission having theretofore, on the 2d of December, 1931, dismissed the complaint of the plaintiff in error for want of prosecution, no one appearing on its behalf. After such order of dismissal, to wit, on February 18, 1932, this plaintiff in error filed its application to reopen the case transferring the certificate from Evans
 
 &
 
 Son to Braddock, and again sought to set aside the transfer from Wright to Evans & Son and the transfer by the latter to Braddock, and particularly to prohibit Braddock’s operation between Washington C. H. and Columbus, Ohio.
 

 Upon this application for reopening, a hearing was had by the commission, and the application of the plaintiff in error was denied. Seven days later plaintiff in error filed its motion for a rehearing, which was likewise denied; whereupon error was prosecuted to this court seeking a reversal of the commission’s order.
 

 It appears that one Riley owned certificate No. 875, which also authorized transportation between Washington C. H. and Columbus, being the same route
 
 *14
 
 covered by tbe owner of certificate No. 1079. On April 10, 1930, Riley transferred Ms certificate to the Surburban Motor Freight Company, which, in turn, on January 12, 1932, transferred it to the plaintiff in error with the approval of the commission. It appears that about May 1, 1929, Evans & Son, the owner of certificate No. 1079, and who is Braddock’s predecessor in title, entered into an arrangement with Riley whereby Evans
 
 &
 
 Son was to cease operations over the portion of its route between Washington C. H. and Columbus in consideration of the use by Evans & Son of Riley’s terminal facilities. Pursuant to that arrangement, no operations were carried on thereafter by Evans & Son under certificate No. 1079 over that portion of its route between Washington C. H. and Columbus from May 1, 1929, to December 2, 1931, when Braddock acquired such certificate by authority of the commission. The chief contention of the plaintiff in error is that such arrangement for the cessation of transportation over part of the certificated route constituted an abandonment by Evans & Son of that portion of its route between Washington C. H. and Columbus, and that, having been made without authority of the commission, the
 
 agreement is
 
 legally invalid and constitutes a cause for revocation.
 

 Under the provisions of Section 614-92, General Code, owners of certificates may not enter into any agreement or arrangement which yields operative rights under their certificated routes to another with or without consideration; nor can the owner of such certificate abandon operation over a portion of its route except in certain emergencies without approval of the commission.
 
 Miami Valley Transit Co.
 
 v.
 
 Pub. Util. Comm.,
 
 117 Ohio St., 311, 158 N. E., 591. And, if it does abandon operation over such a route, or a part thereof, good cause for revocation of its certificate exists.
 
 Zanesville, C. & W. Transportation Co.
 
 
 *15
 
 v.
 
 Pub. Util. Comm.,
 
 119 Ohio St., 318, 164 N. E., 230. But the duty of revocation imposed on the commission is not absolute. Whether it will be imposed rests in the sound discretion of the commission.
 
 Cincinnati Traction Co.
 
 v.
 
 Pub. Util. Comm.,
 
 113 Ohio St., 668, 150 N. E., 308.
 

 The convenience and necessity of the public are the pole star of motor transportation regulation and the guide for the commission’s action. We do not find, from the record, that the public interest was seriously affected by the cessation of operation by Evans
 
 &
 
 Son between Washington C. H. and Columbus. The stoppage of operation was the result of an agreement between Evans
 
 &
 
 Son and Riley, the owner of certificate No. 875. Riley was the predecessor in title of the plaintiff in error from May 1, 1929, to December 2, 1931. During that period neither Riley nor the owner of a competitive certificate No. 314, traversing the same route, made any protest on account of the failure of Evans
 
 &
 
 Son to operate over its route; nor, so far as this record discloses, did any one do so on the part of any member of the public. Under such circumstances, we do not feel inclined to disturb the discretion of the commission in refusing to revoke Braddock’s certificate. For the reasons stated, we do not find that the order of the commission was unlawful or unreasonable, and its order will be affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Dat, Allen, Kinkade and Stephenson, JJ., concur.