Matthias, J.
 

 The appellants challenge the action of the Public Utilities Commission upon the ground that the applicant has not legal capacity to hold a certificate of public convenience and necessity and that the record failed to disclose that the existing service is inadequate, and therefore the finding and order of the commission is unreasonable and unlawful.
 

 The George K. Scott & Company, Inc., owns and operates a storage warehouse in the city of Cleveland. In connection, therewith it operates several moving vans within the limits of the city of Cleveland and municipalities immediately contiguous thereto. The record discloses that the applicant has frequent calls from its warehouse customers and others to transport household goods and furniture to and from locations beyond its restricted area, response to- which is precluded by reason of its want of certification as required by the motoj transportation law of the state.
 

 Much of applicant’s business consists of the storage of household goods and office furniture which is transported in comparatively small loads and is therefore generally unattractive to carriers who, for such reason, are inclined to avoid that class of transportation, making it somewhat difficult to secure facilities to transport the household goods and furniture of customers to and from applicant’s warehouse, particularly at the periods about the first and fifteenth of each
 
 *257
 
 month, entailing delays in such service from two to seven days.
 

 It was by reason of such conditions that the applicant sought a certificate of public convenience and necessity to operate its moving vans over irregular routes to and from any point in Cuyahoga county. The applicant offers to add equipment necessary to give satisfactory service and to operate same at the rates and charges established therefor.
 

 The commission specifically found that the applicant “transports household goods, office furniture and fixtures for the general public, as well as for customers of its warehouse.” Section 614-2, General Code, provides that “Any person or persons, firm or firms, co-partnership or voluntary association, joint stock association, company or corporation, wherever organized or incorporated * * *.
 

 “When engaged in the business of carrying and transporting persons or property, or both, or of providing or furnishing such transportation service, for hire, in or by motor propelled vehicles of any kind whatsoever, including trailers for the public in general, over any public street, road or highway in this state, except otherwise provided in Section 614-34, is a motor transportation company.”
 

 Counsel for the protestants contend that the applicant is ineligible to hold a certificate of public convenience and necessity and base the claim of such want of legal capacity upon the language of the purpose clause of the applicant’s articles of incorporation. Even if it be assumed that such want of legal capacity may be thus challenged by the protestants in this proceeding, it is sufficient to state that we are disinclined to disturb the evident finding and conclusion of the commission that the applicant was competent to hold such certificate and operate thereunder for, although the general purpose stated in its articles of incorporation
 
 *258
 
 was to in substance maintain and conduct a storage-warehouse, the operation of trucks and vans for the-purpose and in the manner proposed is within the implied and incidental power and authority conferred by further language in the purpose clause, -which includes the owning of “trucks and moving vans necessary and convenient in the carrying out of said purpose.”
 

 Moreover the facts as found by the commission constitute the applicant a motor transportation company and, under the provisions of Section 614-84, General Code, “whether or not a corporation * * * person, firm or copartnership * * * is engaged as a motor transportation company, shall be questions of fact and the finding of the commission thereon shall be a final order which may be reviewed as provided in. Section 614-89, General Code.”
 

 The commission, in its consideration of the merits of the application, indicated its adherence to the doctrine repeatedly declared by this court that the primary and paramount purpose of the motor transportation law of this state is to secure and maintain necessary and convenient motor transportation for the public. Certificates of public convenience and necessity are granted for the benefit of the public and not the recipients of the certificates, and therefore anticipated benefits to applicants for certificates of convenience and necessity or possible detriment to other certificate holders are only incidental and secondary.
 

 The statement in the opinion of Robinson, J., in the case of
 
 McLain
 
 v.
 
 Public Utilities
 
 Commission, 110 Ohio St., 1, 143 N. E., 381, that “the Legislature was. not concerned so much with the question of who shall reap the emoluments of the transportation service as it was in securing consistently and continuously an adequate transportation service for the convenience of the public. The commission was created and functions for the purpose of aiding the public in securing from
 
 *259
 
 ^utilities adequate service * * * ” lias been uniformly followed and applied in subsequent cases.
 
 Pennsylvania Rd. Co.
 
 v.
 
 Public Utilities Comm.,
 
 116 Ohio St., 80, 88, 155 N. E., 694;
 
 H. & K. Motor Trans., Inc.,
 
 v.
 
 Public Utilities Commission,
 
 135 Ohio St., 145, 19 N. E. (2d), 956;
 
 Bray
 
 v.
 
 Public Utilities Commission,
 
 139 Ohio St., 409, 40 N. E. (2d), 666.
 

 No profitable service would be rendered by a recitation or even a summary of the evidence adduced before the commission relating to the inadequacy of existing transportation service of the character involved .herein or the necessity for additional service. It is .sufficient to state that there is in the record ample evidence to support the finding and warrant the order of the commission. It has been announced in numerous • cases that this court does not substitute its own judg:ment for that of the Public Utilities Commission and will not interfere with a finding and order of the com::mission unless it appears from a consideration of the record and review of the evidence therein set forth ■ that the finding and order of the commission is manifestly against the weight of the evidence or is unreasonable or unlawful.
 
 H. & K. Motor Trans., Inc.,
 
 v.
 
 Public Utilities Commission, supra,
 
 and cases there cited.
 

 It follows, therefore, that the order of the commission must be affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Turner and "Williams, JJ., concur.