Williams, J.
 

 The only matter before this court at this time is the appeal of Boak.
 

 The first contention of the appellant is founded on a claim of waiver and estoppel. He bases his claim in the main upon the doctrine of election of remedies. When the first order — the order for the improvement of service — was made, the protestan! had one legal remedy, the right of appeal. When the second order —the order denying- Boak’s application for á certificate — was made, the protestan! was not aggrieved and sought no remedy. Under such circumstances there could have been no election, for protestant never had a choice of remedies from which an election could have
 
 *430
 
 been made. The protestant did not by its appeal waive the right to show improved service on the second hearing or estop itself from proving compliance with the order made on the first hearing.
 

 The second contention of the appellant is that he has been denied the equal protection of the laws. Appellant, after explaining his position at length, restates it specifically in this language:
 

 "To recapitulate, if the commission had found against the applicant and denied him a certificate of public convenience and necessity on February 8, 1943, he would have been finished except for an appeal to the Supreme Court. However, when the commission decided in favor of the applicant J. D. Boak on February 8, 1943, and against the protestant, the C. C. C. Highway, Inc., it was not finished, but was granted another hearing under the provisions of Section 614-87 of the G-eneral Code, notwithstanding that the C. C. C. Highway, Inc., had perfected an appeal from that order to the Supreme Court.
 

 "The applicant, now the appellant here, will be finished in the event that this honorable court sustains the commission’s order of February 8, 1944, denying the certificate which it granted to applicant on February 8, 1943. On the other hand, if this court reverses the order of the commission of February 8, 1944, in effect affirming its order of February 8, 1943, the C. C. C. Highway, Inc., is not then concluded but has another opportunity to prevent the applicant from securing a certificate by pressing its appeal in case No. 29523 now pending in this court. Section 614-87 of the General Code granting a certificated carrier at least 60 days to improve its service has been declared by the Supreme Court to be a valid enactment. Nevertheless, a statute may be made unconstitutional by its application and the Public Utilities Commission
 
 *431
 
 has given Section 614-87, General Code, an unconstitutional application in this case. A legislative act may be unconstitutional upon its face or it may be valid upon its face but unconstitutional because of its operative effect upon a particular state of facts.
 
 Belden
 
 v.
 
 Union Central Life Ins. Co.,
 
 143 Ohio St., 329, 340 * * *. The order of the commission of February 8, 1944, is unconstitutional and void in that it has, for the reasons foregoing, deprived and will deprive J. D. Boak of the equal protection of the laws.”
 

 The statement makes two assumptions which are not warranted. In the first place the commission did not grant a certificate to Boak in its first order, but only indicated that it would grant such a certificate if the service were not improved pursuant to the order. In the second place the effect of reversing the order of February 8, 1944, would not be to affirm the order of February 8, 1943. If the former order were to be reversed and final judgment entered granting Boak a certificate, the first appeal would of necessity become moot. On the other hand, if the second order were to be reversed and the cause remanded for further proceedings, the first appeal would pend awaiting further consideration.
 

 But what about the application of the equal protection clause? A complete answer may be made in one. short statement. Bach party, when aggrieved, is accorded full protection of the laws by being allowed an appeal to this court. Therefore there can be no denial of equality.
 

 The third contention of the appellant is that the commission could not lawfully consider any improvement or expansion of protestant’s service subsequent to the expiration of the 60-day period. The commission took the position that it was proper to admit evidence of any improvement or expansion made up to
 
 *432
 
 the date of the hearing, and acted accordingly. This action was within the discretion of that body. Section 614-87, General Code, states that the commission, on finding a motor transportation company does not give convenient and necessary service, shall give to the company a reasonable time not less than 60 days to provide such service before a new certificate is granted. The commission, however, is hot limited to the period fixed in taking evidence to determine whether there has been a compliance. -Public convenience and necessity may be determined as of the date of the hearing although originally a period of only 60 days was granted and, if the commission finds the service adequate at that time, such finding will support a denial of the application of the party seeking a certificate. Consequently the commission did not err in admitting evidence with respect to the whole period between the first order and the time of hearing the cause on such evidence.
 

 The remaining contentions of the appellant may be considered generally. The appellant maintains that the finding and order of the commission are manifestly against the weight of evidence and are unsupported by evidence to such an extent as to disclose misapprehension, mistake and abuse of power by the commission. These contentions compel this court to inquire whether the order of the commission was unreasonable.
 

 The commission; in its “opinion, findings and order” of February 8, 1944, sets out a summary of the evidence upon which its order denying the application is based. An examination of the record shows that this summary is fair and complete, and that the appellant was not prejudiced in any way by the admission or rejection of evidence. The expansion of the service made by the protestan! was the addition of equipment in the form of a tractor and trailer in both
 
 *433
 
 the Piqua and Troy territories and two additional' straight trucks in the Dayton territory, and the inauguration of over-the-road service by making direct runs to Troy from points beyond Dayton thereby eliminating Dayton stops and permitting additional local service to the territory involved. The result was the establishment of several additional daily trips over this route. Other endeavors to improve the service are narrated in the testimony taken. The extent to which improvement of service should be made was not stated by the commission in its order of February 8, 1943. However, the adequacy of the service and the extent to which the improvement ought to be made to make the service adequate in any given case are within the commission’s discretion. This court cannot say that the record discloses any misapprehension, mistake or abuse of power by the commission, or that the order is not sustained by sufficient evidence. This court concludes that, under the circumstances, the order was reasonable as well as lawful.
 

 Finding that there was no error prejudicial to the appellant, upon the face of the record, this court affirms the order of the commission.
 

 Order affirmed.
 

 EYGANDT, C. J., ZlMMERMAN, TURNER, MATTHIAS and Hart, JJ., concur.