Matthias, J.
 

 The question presented is whether the order of the Public Utilities Commission is unlawful or unreasonable. Numerous errors are assigned. The appellant contends that the commission erred in its finding that the protestant carriers were furnishing reasonably adequate service; that the commission’s order was manifestly against the weight of the evidence and so clearly unsupported by the evidence as to show misapprehension, mistake or disregard of duty upon the part of the commission; and that the commission erred in its finding that the protestant carriers had expanded their service during the prescribed period.
 

 Other errors involving procedural questions were assigned, but the principal and fundamental question urged is as follows:
 

 Where it has been found by the commission that
 
 *274
 
 common carriers are rendering inadequate service, but thereafter upon further hearing it is shown that the order of the commission, requiring the improvement of such service within the prescribed period, was complied with in that more freight was being transported by the protestants with fewer motor vehicles and that certain known vehicular equipment had been replaced by new, coupled with evidence that adequate service was being rendered, may the commission then find that the public convenience and necessity are being served and thereupon refuse to issue an additional certificate therefor to the applicant?
 

 In determining whether the order of the Public Utilities Commission is unlawful or unreasonable this court considers the entire record of the ease as presented. The rule applicable was well stated in paragraph four of the syllabus in the case of
 
 Boak, d. b. a. City Transfer & Storage Co.,
 
 v.
 
 Public Utilities Commission,
 
 144 Ohio St., 427, 59 N. E. (2d), 602, which is as follows:
 

 “Where on an appeal to the Supreme Court from the order of the Public Utilities Commission, denying to an applicant a certificate of public convenience and necessity, the appellant claims that the finding and order of the commission are manifestly against the weight of the evidence and are unsupported by evidence to such an extent as to disclose misapprehension, mistake and abuse of power by the commission, this court will examine the evidence to ascertain whether the order is reasonable, and if so, will not reverse the order on the grounds claimed.”
 

 The record is rather voluminous, consisting of the evidence taken at the hearing of the original application for the certificate of public convenience and necessity and at the hearing to determine the question of compliance of the protesting carriers with the commission’s order relative to the improvement of the serv
 
 *275
 
 ice. It is disclosed that a full and complete hearing was accorded by the commission following which it was found that pursuant to its order some of the protesting companies had constructed new terminals and docks at various locations and otherwise increased their operating facilities. The record clearly discloses that the vehicular equipment of certain of the protestants had been replaced by new motor trucks which provided for the transportation of more freight in fewer vehicles. There is some dispute as to whether this substituted equipment constituted an improvement in the service, but from the evidence adduced the commission found that the service had been improved and had been made reasonably adequate.
 

 In the finding and order, it is stated that it does not appear from the evidence that there is now
 
 “a
 
 present lack of reasonably adequate service upon and over the routes described” in the former order; that the service rendered the public is constantly being expanded; and that there being but few complaints as to the service the commission concluded that the public need for such transportation service is being met.
 

 The record discloses substantial evidence to support such finding and order of the commission.
 

 It is a fundamental principle that in the matter of the regulation of motor transportation carriers the purpose of motor transportation legislation is to secure to the public necessary and convenient common carrier service over the highways, but not to surrender any of the rights of the public in such highways to persons, partnerships or corporations operating motor transportation lines; and that such certificates are issued for the benefit of the public rather than for the benefit of the recipients of the certificates. Anticipated benefits to the applicant or possible detriment to other certificate holders are only incidental and secondary.
 

 
 *276
 
 "Where application for permission to provide additional transportation by motor trucks over the highways is involved, as herein, the interest of the public is the paramount consideration and the term, public, means the general public and is not limited to carriers and shippers. The finding of “public convenience and necessity” as a prerequisite to the granting of certificates to operate motor vehicles over the public highways requires the commission to limit its authorization so that no more motor trucks or busses are placed on the highways of the state than the public necessity requires. That was one of the fundamental purposes to be served by the enactment of the statutes conferring upon the Public Utilities Commission the authority and power to regulate the use and occupation of the highways of the state by motor trucks and busses.
 

 The record in this case discloses a commendable application by the commission of these principles long established and frequently announced in the decisions of this court, among which are the following:
 
 McLain
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 1, 143 N. E., 381;
 
 Pennsylvania Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 80, 88, 155 N. E., 694;
 
 Bray
 
 v.
 
 Public Utilities Commission,
 
 139 Ohio St., 409, 413, 40 N. E. (2d), 666; and
 
 Adams
 
 v.
 
 Public Utilities Commission,
 
 141 Ohio St., 255, 258, 47 N. E. (2d), 773.
 

 It is urged by the appellant that in arriving at this conclusion the commission considered hearsay testimony which, upon motion made, it refused to delete from the record. The record discloses that there was such evidence but that much of it was received without objection and was attacked only with motion to strike from the record long after such evidence was admitted. The effect of such hearsay evidence was considered by this court in the ease of
 
 State
 
 v.
 
 Petro,
 
 148
 
 *277
 
 Ohio St., 473, 76 N. E. (2d), 355, the eighth paragraph of the syllabus of which is as follows:
 

 “Where the answer to a proper question contains hearsay, and there is no objection to or motion to strike such hearsay, and no request that the jury be instructed to disregard same, such evidence may properly be considered and given its natural probative effect as if it were at law admissible, the only question being with regard to how much weight should be given thereto. ’ ’
 

 Such hearsay evidence was not wholly incompetent under the circumstances in this case, and its admission clearly would not justify this court in finding the order of the commission herein to be unlawful or unreasonable and upon such ground to reverse such order.
 

 The order of the Public Utilities Commission is, therefore, affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart and F aught, JJ., concur.