Herbert, J.
The question here is whether the order of the commission revoking certificate No. 489-1 is unreasonable or unlawful.
An attorney examiner of the commission made an investigation and reported his findings and recommendations. When the cause was before the commission, it adopted the statement of the evidence as found by its attorney examiner, but did not concur with his findings and recommendations. The attorney examiner recommended that the certificate be not disturbed and that the complaint be dismissed.
A brief history of the certificate discloses that it was granted to one Frederick S. Gross in September of 1923 for an irregular route, authorizing transportation of general property to and from Columbus, Ohio, throughout the state of Ohio. It appears that the authority granted by certificate No. 489-1 was exercised until 1944. Thereupon its holder, the Columbus Cartage Company, its president being the appellant, acquired another certificate, No. 1389-1. Certificate No. 489-1 was then transferred with the consent of the commission by the appellant to one James Handley. Handley retained the certificate until July of 1959, when it was transferred to appellant. This transfer was authorized by the commission after hearing upon a joint application of both Handley and appellant. No one questioned the propriety of the transfer or its use during the time that Handley held it. There apparently was no complaint against Handley by any member of the shipping public relative to service. Being for an irregular route, the authority granted by the certificate could only be used to transport property “on call.” Appellant paid his taxes, provided insurance, secured equipment and advertised for business. He complied with the requirements of the statutes and the rules and regulations of the commission.
*539 ' No member of tbe shipping public, or anybody else for that matter, “called” for his services under the certificate.
In the commission’s order of revocation, appears this portion of the order:
“In October of 1959 the respondent (appellant here), as vendor, made and entered into an agreement with United Parcel Service, Inc., vendee and intervenor in this proceeding, calling for the sale and purchase of certificate No. 489-1. Subsequently respondent (appellant here) and intervenor filed a joint application asking this commission to approve the sale and transfer of said certificate. The transfer proceeding, case No. 25541, is still pending before this commission.”
It appears reasonable to infer that the United Parcel Service, Inc., intended to exert considerable effort to develop transportation business under the certificate. Likewise, it seems reasonable to infer that the Columbus Retail Merchants Delivery, Inc., may have desired revocation to avoid growth of competition. Even though the interest of United Parcel Service,' Inc., and Columbus Retail Merchants Delivery, Inc., in the transportation industry is commendable, yet it should be remembered that “the convenience and necessity of the public are the pole star of motor transportation regulation and the guide for the commission’s action.” Columbus Motor Express, Inc.,v. Public Utilities Commission, 126 Ohio St., 11, at page 15.
Events leading up to the revocation of the certificate are listed chronologically as follows:
July' 1959 — appellant was granted certificate No. 489-1;
" December 28,1960 — a eompetitior filed a complaint seeking revocation of certificate;
January 4, 1961 — appellant was served with copy of complaint ;
March 2, 1961 — the cause was heard by the attorney examiner;
March 7, 1962 — the commission issued its findings and order of revocation.
Within 17 months after granting appellant the certificate, he was before the commission upon complaint of a competitor, who desired to have the certificate cancelled or revoked.
The commission in its ofider said:
*540 “It is the conclusion of this commission that good cause for the revocation of a certificate of public convenience and necessity exists when the evidence shows that the authority conferred thereby has not been exercised for an extended period of time.”
Query: Is 17 months such an extended period of time? Is there reason for such urgency? especially when the commission in its order made the following statement:
“This is not, it will be noted, a finding that service is inadequate * * *.” (Emphasis added.)
Proper equipment, taxes, insurance, advertising, and adequate service were all furnished or to be furnished by appellant. Appellant cannot be held accountable because the shipping public did not patronize his predecessor.
The determination as to whether good cause exists for the revocation of a certificate must be predicated upon the use of the certificate by the holder thereof. It is the present user’s-activities which must control.
Section 4921.10, Revised Code, empowers the commission to revoke, alter or amend any certificate for good cause. It requires that “the grantee” of any certificate must be given notice and “opportunity to be heard.” Under the plain wording of the statute, it is obvious that the commission is given the power to revoke, alter or amend a certificate by reason of some act or failure of “the [then] grantee of any certificate” to act —not a predecessor in past years.
Adams v. Public Utilities Commission, 141 Ohio St., 255, is a wholesome reminder that the sole aim and purpose of the regulation of public utilities is to serve the public. Its syllabus is:
“The primary and paramount purpose of the motor transportation law of this state is to secure and maintain necessary and convenient motor transportation for the public. Certificates of public convenience and necessity are granted for the benefit of the public and not the recipients of the certificates. Anticipated benefits to the applicants or possible detriment to other certificate holders are only incidental and secondary.”
In the opinion, at pages 258 and 259, Matthias, J., said:
*541 “The statement in the opinion of Robinson, J., in the case of McLain v. Public Utilities Commission, 110 Ohio St., 1, 143 N. E., 381, that ‘the Legislature was not concerned so much with the question of who shall reap the emoluments of the transportation service as it was in securing consistently and continuously an adequate transportation service for the convenience of the public. The commission was created and functions for the purpose of aiding the public in securing from utilities adequate service * * *’ has been uniformly followed and applied in subsequent cases. Pennsylvania Rd. Co. v. Public Utilities Commission, 116 Ohio St., 80, 88, 155 N. E., 694; H. £ K. Motor Trans., Inc., v. Public Utilities Commission, 135 Ohio St., 145, 19 N. E. (2d), 956; Bray v. Public Utilities Commission, 139 Ohio St., 409, 40 N. E. (2d), 666.”
The evidence is convincing that the appellant, William Wrightesmith, was the holder of certificate No. 489-1 for approximately 17 months after it was granted to him by the commission and before the action was brought by the Columbus Retail Merchants Delivery, Inc., to revoke such certificate. The commission itself found that the service rendered pursuant to such certificate is adequate.
Since appellant acquired certificate No. 489-1, he has had the proper equipment to render service; taxes and insurance have been paid on the equipment; he has advertised his services as being available to the public; and he has in fact, been “on call,” ready to render service if called upon. Having made his service available, appellant cannot be held accountable because the shipping public did not patronize him. Appellant has complied with all the provisions of the law and the regulations of the commission, as required of the owner of this type of certificate.
The essence of the complaint is found in the charge that the certificate was not used by appellant’s predecessor for a period of five or more years. It would be both unreasonable and unlawful to hold a present holder of a certificate responsible for the past nonuse by a predecessor.
It is the opinion of this court that the revocation of certificate No. 489-1 by the commission was unreasonable and unlaw *542 ful. It, therefore, follows that the order of the commission should he, and it hereby is, reversed.

Order reversed.

Matthias, O’Neill, Griffith and Duffy, JJ., concur.
Taft, C. J., and Zimmerman, J., dissent.
Duffy, J., of the Tenth Appellate District, sitting by designation in the place and stead of Gibson, J.