OPINION
Defendant-appellant, Timmy M. Dunaway, appeals his conviction in the Butler County Court of Common Pleas for theft in violation of R.C. 2913.02(A)(1).
On March 12, 1996, a Butler County Grand Jury issued an indictment charging appellant with one count of theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1). The indictment alleged that while appellant was visiting the residence of Clarence Reese on January 22, 1996, appellant took $441.70 from Reese's coat pocket. A jury trial was held on March 28, 1996 in the Butler County Court of Common Pleas.
At the conclusion of the state's case, appellant moved for a judgment of acquittal pursuant to Crim.R. 29(A). The trial judge denied appellant's motion. Appellant then presented evidence in his defense. At the close of all the evidence, appellant renewed his motion for acquittal pursuant to Crim.R. 29(A). Once again, the trial judge denied appellant's motion and the case was submitted to the jury. The jury returned a verdict finding appellant guilty of theft. On July 19, 1996, the trial court sentenced appellant to an eighteen month term of imprisonment.
On appeal, appellant raises the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING APPELLANT'S MOTION FOR ACQUITTAL MADE AFTER THE PROSECUTION RESTED ITS CASE PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING APPELLANT'S MOTION FOR ACQUITTAL MADE AFTER THE DEFENSE RESTED ITS CASE PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
In his first assignment of error, appellant argues that the trial court erred in denying his Crim.R. 29(A) motion for acquittal made at the close of the state's case. Crim.R. 29(A) provides that the court on motion of a defendant, after the evidence on either side is has been presented, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. A Crim.R. 29(A) motion at the close of the state's case is designed to test the sufficiency of the state's evidence to support a conviction. Dayton v. Rogers (1979), 60 Ohio St.2d 162,163; State v. Sparks (Dec. 21, 1987), Preble App. No. CA87-05-013, unreported.
Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus; State v. Taggart (Dec. 20, 1993), Butler App. No. CA93-05-089, unreported. An appellate court will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273; State v. White (1989), 65 Ohio App.3d 564, 568. Moreover, in reviewing a ruling on Crim.R. 29(A) motion for judgment of acquittal, an appellate court must construe the evidence in a light most favorable to the state. Jenks at 273.
Appellant was charged with theft in violation of R.C.2913.02-(A)(1). In order for appellant to be convicted of theft, the state was obligated to prove the following elements: (1) appellant knowingly obtained control over Reese's property; (2) appellant obtained control with the purpose to deprive Reese of the property; and (3) appellant obtained control over the property without Reese's consent.
After reviewing the record, we find that the evidence at the conclusion of the state's case was sufficient to withstand appellant's motion for acquittal. It is fundamental that an element of an offense may be proven by circumstantial as well as by direct evidence. State v. Durr (1991), 58 Ohio St.3d 86; State v. Apanovitch (1987), 33 Ohio St.3d 19. In the present case, the testimony of the state's witnesses provided sufficient circumstantial evidence so that a reasonable mind could conclude that every element of theft was proven beyond a reasonable doubt.
The prosector's case consisted of the testimony of two witnesses, Brenda Kimball and Detective Dave Pratt of the Fairfield Police Department. The witnesses testified that Reese was a seventy-year-old man who suffered from several medical ailments. Detective Pratt testified that Reese had cashed a check for $441.70 on January 22, 1996 and placed the money in his coat pocket. Kimball testified that appellant was at Reese's home when she and her husband visited Reese on January 22, 1996. Kimball also testified that while she and her husband joined Reese in the kitchen, appellant remained in the living room alone. From the kitchen, Kimball observed appellant searching through pockets of a coat in the living room "like he was looking for cigarettes." Kimball stated that appellant left Reese's house approximately five minutes after she had observed him with the coat.
Although Kimball had assumed that the coat belonged to appellant, she learned shortly after appellant left that the coat actually belonged to Reese. When Reese checked his coat pockets shortly after appellant left, he discovered that his money was missing. Reese then asked Kimball to call the police and report the theft of his money. Detective Pratt testified that Reese had spoken with him about his money being taken and had requested that the guilty party be fully prosecuted. Detective Pratt also testified that Reese informed him that he thought appellant had taken his money because Kimball observed him going through his coat pockets.
Although some of the testimony by the prosecution's witnesses appears to be hearsay, appellant's counsel failed to raise a hearsay objection at trial. The failure to object is considered a waiver of the objection, and the admissibility of the evidence cannot be raised for the first time on appeal. Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43; Taylor v. Carr (1989), 61 Ohio App.3d 368. Thus, the evidence may properly be considered and given its natural probative effect as if it were at law admissible. Modern Motor Express, Inc. v. P.U.C. (1950),154 Ohio St. 271, 277; Streifthau v. Streifthau (May 20, 1985), Butler App. No. CA84-08-087.
Upon an examination of the record, we find that the state provided sufficient evidence so that a reasonable mind could conclude that all elements of theft were proven beyond a reasonable doubt. The state's case included testimony that Reese had placed $441.70 in his coat pocket on January 22, 1996. The state also provided evidence that the money was discovered to be missing shortly after appellant was seen going through the pockets of Reese's coat. This circumstantial evidence is sufficient to support a jury finding that appellant knowingly obtained Reese's money with the purpose to deprive Reese of the money.
Further, the evidence was sufficient for a reasonable mind to conclude that appellant had taken Reese's money without Reese's consent. Kimball observed appellant going through the pockets of Reese's coat while Reese was in another room of the house, and appellant left Reese's house shortly after he was observed going through the pockets of the coat. Moreover, Reese's request to call the police and subsequent statements to Detective Pratt provided sufficient evidence to support a finding that the money was taken without Reese's consent. Therefore, we find that the testimony and evidence admitted at trial was sufficient to withstand appellant's Rule 29(A) motion made at the conclusion of the prosecutor's case. Appellant's first assignment of error is accordingly overruled.
In his second assignment of error, appellant asserts that the trial court erred in overruling his motion for acquittal made at the close of all the evidence. Appellant argues that his Crim.R. 29(A) motion should have been granted at the close of all the evidence, because the evidence produced by appellant was more credible than the evidence produced by the state.
Appellant's argument that his motion for acquittal should have been granted because the state's evidence lacked credibility is misplaced. Similar to a Crim.R. 29(A) motion made at the conclusion of the state's case, a Crim.R. 29(A) motion made at the close of all the evidence is designed to test whether all the evidence then before the trier of fact, whether it was admitted properly or improperly, is sufficient to convict the defendant. State v. Sparks (Dec. 21, 1987), Preble App. No. CA87-05-013, unreported. The credibility of the evidence is not the focus of a Crim.R. 29(A) motion; rather, the motion focuses solely upon the legal sufficiency of the evidence. State v. Harcourt (1988),46 Ohio App.3d 52; State v. Barnhart (July 20, 1992), Clermont App. No. CA91-08-066, unreported. If reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt, it is the jury's function to resolve conflicts in the evidence and evaluate the credibility of the evidence. See State v. Walker (1978), 55 Ohio St.2d 208; State v. Kline (1983), 11 Ohio App.3d 208, 213. Thus, when reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, is sufficient for a reasonable mind to conclude that all elements of the crime have been proven beyond a reasonable doubt. Jenks,61 Ohio St.3d at 273.
As discussed in response to appellants first assignment of error, the state's case in chief produced sufficient evidence, if believed, for a jury to reasonably conclude that all the elements of theft had been proven beyond a reasonable doubt. In addition, appellant called Reese as a defense witness, and Reese's testimony produced further evidence against the appellant. The trial court properly determined that this evidence was sufficient, if believed, to find appellant guilty of theft. Therefore, the trial court did not err by denying appellant's motions for acquittal and submitting the case to the jury so that the jury could resolve the conflicts and assess the credibility of the evidence. Appellant's second assignment of error is accordingly overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.