OPINION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Perrysburg Municipal Court wherein appellant, Merlyn D. Bush, was convicted of violating Perrysburg Municipal Code Section 432.12, improper backing.
 "I. THE TRIAL COURT ERRED IN DETERMINING THAT NO CRIMINAL CULPABILITY IS NECESSARY TO SUSTAIN A VIOLATION OF THE STATUTE GOVERNING A CHARGE OF IMPROPER BACKING UNDER PERRYSBURG MUNICIPAL CODE § 432.12, THUS DENYING THE DEFENDANT/APPELLANT'S MOTION FOR A JUDGMENT OF ACQUITTAL UNDER CRIMINAL RULE 29."
 II. THE EVIDENCE PRESENTED BY THE CITY IS INSUFFICIENT TO SUSTAIN A CONVICTION UNDER THIS STATUTE AND THE JUDGMENT OF CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his first assignment of error, appellant contends that the court erred in denying his motion for acquittal.
"Pursuant to Crim. R 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reason able doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. The trial court's decision will not be reversed unless "reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt." State v. White (1989), 65 Ohio App.3d 564,568.
A trial commenced on September 19, 1998. Following the prosecutor's last witness, appellant orally motioned for acquittal arguing that the state had failed to prove the element of culpability. The trial court denied appellant's motion finding that R.C. 4511.38 is a strict liability statute.
The ordinance at issue, identical to R.C. 4511.38, states in pertinent part:
 "No person shall start a vehicle, streetcar, or trackless trolley which is stopped, standing, or parked until such movement can be made with reasonable safety.
 Before backing, operators of vehicles, streetcars, or trackless trolleys shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway."
On appeal, appellant argues that the term "exercise vigilance" establishes the culpable mental state of negligence as an element of R.C. 4511.38. In support, appellant cites State v.Varney (June 22, 1987), Butler App. No. CA86-07-100, unreported, and State v. Chumley (Nov. 5, 1990), Preble App. No. CA90-05-011. The courts in these two cases found negligence to be an element of R.C. 4511.38. We disagree with this analysis.
R.C. 2901.22 defines culpability in terms of the following four mental states:
 "(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.
 (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A per son has knowledge of circumstances when he is aware that such circumstances probably exist.
 (C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
 (D) A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist. (Emphasis ours)."
It is well settled that when a statute contains the language "no person shall" commit the proscribed conduct, absent any reference to the required mental state of the accused, this indicates a legislative intent to impose strict liability for the commission of the prohibited act. Cleveland v. Criss (Dec. 10, 1998) Cuyahoga App. No. 72862, unreported; State v. Workman (Feb. 23, 1998) Stark App. No. CA00224; State v. Harr (1992), 81 Ohio App.3d 244,249; State v. Cheraso (1988), 43 Ohio App.3d 221, 223. This rule has been somewhat modified by R.C. 2901.21(B) which states:
 "[W]hen the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." See State v. Schlosser (1997), 79 Ohio St.3d 329.
The second paragraph of R.C. 4511.38 sets forth two distinct duties. It embodies a requirement that drivers "shall give ample warning" and that drivers "shall exercise vigilance" while backing. The "ample warning" requirement is set forth in absolute terms and is not modified by the language mandating "vigilance" not to injure person or property while backing. Therefore, the term "vigilance" must be seen as describing the mechanics of backing.
Moreover, "vigilance" is not a culpable mental state under R.C. 2901.21. In that R.C. 4511.38 contains the language "operators of vehicles * * * shall give ample warning * * *" and "* * * shall exercise vigilance * * *" without specifying a culpable mental state (purposely, knowingly, recklessly or negligently), we conclude that the legislature's plain intention was to impose strict liability. Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends his conviction was against the manifest weight of the evidence.
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the jury clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
Sandra Smith testified that on July 30, 1998 at approximately 12:15 p.m., she got into her car which was parked diagonally in a public parking space. She backed her car out of the space far enough to see other cars. Smith testified she looked to her right and did not see any cars. When she looked to her left she saw appellant behind the wheel of a truck which was backing. At that moment, Smith testified she laid her hand on her horn to alert appellant to her presence. Appellant continued backing his truck, eventually colliding with Smith's left, rear fender. The investigating officer testified he cited appellant because "[I] felt he did not do that,[exercise vigilance] that he was not alert and watchful to avoid danger, that he backed out into her vehicle and did not know where — what he was doing, He wasn't paying attention." Appellant testified he was backing up his truck when he heard a horn. As he looked to see where the horn was coming from, he "bumped" into Smith's car.
Based on the foregoing testimony, we conclude that appellant's conviction was not against the manifest weight of the evidence. Appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Perrysburg Municipal Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.