DECISION AND JUDGMENT ENTRY
Scott T. Hedrict appeals the Highland County Juvenile Court's finding that he is a juvenile traffic offender. He assigns the following errors:
 First Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF THE JUVENILE-APPELLANT IN DENYING THE APPELLANT'S MOTION TO DISMISS THE CHARGES AT THE CLOSE OF THE STATE'S CASE IN CHIEF.
 Second Assigment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF THE JUVENILE-APPELLANT AT THE CLOSE OF THE CASE WHEN THE COURT ENTERED A FINDING BEYOND A REASONABLE DOUBT THAT THE JUVENILE WAS A JUVENILE TRAFFIC OFFENDER IN VIOLATION OF RC 2151.021
AND 4511.20.
 Third Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF THE JUVENILE-APPELLANT, AS A FINDING OF A VIOLATION OF RC 4511.20
WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Finding merit in appellant's first assignment of error, we reverse the lower court's decision.
One evening in January 2000, appellant was "cruising" in the City of Hillsboro. Patrolman Eric Daniels of the Hillsboro Police Department was in his cruiser in an alleyway when he observed appellant's vehicle, a "low-rider" truck traveling approximately ten to fifteen miles per hour. Patrolman Daniels saw the truck "steering to swerve in its lane of travel, approaching the center line and to the parking area designated for parking on that street." After observing appellant swerve approximately three to four times, Patrolman Daniels decided to stop the vehicle.
Patrolman Daniels testified that he believed appellant was creating a safety problem because he was utilizing the entire land and approaching the centerline. Patrolman Daniels noted that if appellant slipped on the steering wheel he could have traveled left of center of off to the right. The traffic was extremely congested with bottlenecks at times but appellant has a free lane of travel ahead and that is when he began executing the swerving motions.
On cross-examination, Patrolman Daniels admitted that he could not see appellant's front tires as they approached the centerline, and that no vehicles were stopped in the parking area to appellant's right. Patrolman Daniels also admitted that he did not see appellant travel left of center, did not observe any vehicles attempt to evade appellant, and did not see appellant almost cause any accidents. In sum, Patrolman Daniels testified that he saw a potential hazard of appellant losing control of his vehicle but saw no actual hazard.
Following the state's case, defense counsel moved for dismissal on the ground that the state failed to meet its burden and that appellant was not properly charged under R.C. 2151.021 as a juvenile traffic offender. The trial denied this motion.
During the defense's case-in-chief, appellant admitted that he rocked his vehicle from side to side by turning the steering wheel from left to right. Appellant testified that he had two hands on the wheel and was approximately five to six feet away from the vehicle in front of him at the time. Appellant stated that he never crossed the centerline or traveled into the parking area, but remained in his lane of travel the entire time. He testified that he was traveling only about five to ten miles per hour at the time he "rocked" the vehicle.
Following the bench trial, the court found that appellant was a juvenile offender in violation of R.C. 2151.021 as he had violated R.C.4511.20, the reckless operation statute. The court transferred the case to Adams County where appellant was sentenced to a sixty-day license suspension, except for work and school. Appellant filed a timely appeal. The state "has no opposition to appellant's request" to reverse the lower court's finding.
In his first assignment of error, appellant argues that the trial court erred in denying his motion for acquittal following the state's case. Appellant submits that the state failed to carry its burden and, therefore, the court should have dismissed the case.
Although Crim.R. 29 is not applicable to juvenile proceedings, we apply the Crim.R. 29 standard in reviewing motions for dismissal under Juv.R. 29(f)(1). When reviewing a trial court's denial of a defendant's motion for judgment of acquittal, an appellate court must construe the evidence in a light most favorable to the state and determine whether reasonable minds could reach different conclusions concerning whether the evidence proves every element of the crime beyond a reasonable doubt. See State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus; State v. Rogers (1990),98 Ohio App.3d 4, 9, motion for leave to appeal overruled (1990),57 Ohio St.3d 703. An appellate court must not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence filed to prove all elements of the crime beyond a reasonable doubt. See State v. White (1989), 65 Ohio App.3d 564, 567.
R.C. 4511.20 provides that "no person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property." The Supreme Court of Ohio held that:
 * * * A person may be found guilty of violating R.C. 4511.20
if he acts willfully. Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse. Or, conversely, R.C. 4511.20 is violated when a person acts wantonly in disregard of the safety of others. A wanton act is an act done in reckless disregard of the rights of others which evidences a reckless indifference of the consequences to the life, limb, health, reputation, or property of others. Similarly, when the operator of a vehicle, with full knowledge of the surrounding circumstances, recklessly and inexcusably disregards the rights of other motorists, his conduct may be characterized as wanton.
State v. Earlenbaugh (1985), 18 Ohio St.3d 19, 21-22 (internal citations omitted).
In State v. Flagge (Apr. 12, 1993), Adams App. No. 536, unreported, an officer who arrived on the scene observed the appellant's vehicle in a ditch by the side of the road. Based on this evidence, the appellant was convicted of reckless operation. We reversed the conviction because the state failed to produce any evidence that the appellant had endangered any person or property.
We find the same flaw in the state's case here. There was no testimony that appellant's actions ever actually endangered another person or property. Patrolman Daniels admitted that appellant never left his lane of travel or came close to striking another vehicle, person or other property. Rather, the officer and state relied on the mere possibility that appellant's actions could, if other events occurred (i.e. his hands slipped off the wheel), create such a danger. This is insufficient to maintain a conviction. Therefore, we sustain appellant's first assignment of error.
Having found merit in appellant's first assigned error, we need not address the remaining two errors. We reserve the trial court's finding that appellant is a juvenile traffic offender and remand this case with instructions to discharge the appellant.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion
 ____________________ William H. Harsha, Judge.