[Cite as *State v. Delong*, 2016-Ohio-4871.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 16CA003 |
| AARON P. DELONG | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Morrow County Municipal Court, Case No. 2016TRD1062 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 5, 2016 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| CHARLES HOWLAND<br>Prosecuting Attorney<br>60 E. High St.<br>Mount Gilead, OH 43338 | AARON P. DELONG, PRO SE<br>2837 Lee Rd.<br>Shaker Heights, OH 44120 |

*Hoffman, J.*

{¶1}    Defendant-appellant Aaron P. DeLong appeals his conviction on one count of speeding, a minor misdemeanor, entered by the Morrow County Municipal Court. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND THE CASE

{¶2}    On February 15, 2016, Appellant was cited for speeding, in violation of R.C. 4511.21(D)(4), a minor misdemeanor offense. Appellant elected to proceed to a bench trial, pro se, to challenge his citation in the Morrow County Municipal Court.

{¶3}    At trial on March 24, 2016, the State called Ohio State Highway Patrol Trooper Kamal Nelson as the prosecution's only witness. Trooper Nelson testified that on February 15, 2016, he utilized a Series II Python Radar speed measuring device on Interstate 71 in Morrow County, Ohio and recorded Appellant's speed at 83 mph in a 70 mph speed zone. He further testified, prior to the radar measurement, he had visually estimated Appellant's speed at 85 mph. Tr. at 11-15.

{¶4}    Trooper Nelson testified as to his training, operation and calibration of the Series II Python Radar device prior to and during operation on the date in question. The state then rested its case.

{¶5}    Appellant did not object to or cross-examine Trooper Nelson. Appellant did not offer any evidence at trial. Rather, at the close of the State's case, Appellant moved the trial court for a Criminal Rule 29 motion for acquittal. The trial court denied the motion.

{¶6}    Appellant then moved the trial court for a Rule 201(e) hearing. Again, the trial court denied the motion.

{¶7}    Appellant filed this appeal, assigning as error,

**{¶8}** "I. THE TRIAL COURT ERRED IN ACCEPTING JUDICIAL NOTICE OF MPH INDUSTRIES, INC.'S PYTHON SERIES II MOVING RADAR UNIT WITHOUT: EXPERT WITNESS TESTIMONY PRESENTED AT THE TRIAL TO ITS CONSTRUCTION, ACCURACY, AND RELIABILITY; THE TRIAL COURT PREVIOUSLY HEARING EXPERT WITNESS TESTIMONY FOR THE DEVICE TO ITS CONSTRUCTION, ACCURACY, AND RELIABILITY; A SUPERIOR COURT IN THE STATE OF OHIO PREVIOUSLY HEARING OR ACCEPTING EXPERT WITNESS TESTIMONY FOR THE DEVICE TO ITS CONSTRUCTION, ACCURACY AND RELIABILITY.

**{¶9}** "II. THE TRIAL COURT ERRED IN ACCEPTING NEW EVIDENCE FROM THE PROSECUTION AFTER THE STATE RESTED ITS CASE IN CHIEF.

**{¶10}** "III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR AN EVIDENCE RULE 201(E) HEARING ON THE JUDICIAL NOTICE REFERENCED IN THE FIRST ASSIGNMENT OF ERROR."

I, II, and III.

**{¶11}** We find Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

**{¶12}** Initially, we note, this case has been assigned to the Court's accelerated calendar docket according to Ohio Appellate Rule 11 and this Court's Local Rule 6(B); therefore, pursuant to Ohio App. Rule 11 governing accelerated calendar cases, "It shall be sufficient compliance with Appellate Rule 12(A) for the statement of the reason for the court's decision as to each error to be in brief conclusionary form."

**{¶13}** Appellant did not object to or rebut the testimony offered by Trooper Nelson at trial. Rather, Appellant waited until after the state rested its case to move the trial court for a Criminal Rule 29 motion for acquittal.

**{¶14}** A motion for acquittal at the close of the state's case tests the sufficiency of the evidence. Pursuant to Crim.R. 29(A), a trial court must construe the evidence in a light most favorable to the state and determine whether reasonable minds could reach different conclusions concerning whether the evidence proves each element of the crime beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 263, 9 O.O.3d 401, 401–402, 381 N.E.2d 184, 185. An appellate court undertakes a *de novo* review and will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt. *State v. White* (1989), 65 Ohio App.3d 564, 568, 584 N.E.2d 1255, 1258. See, also, *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶15}** A Criminal Rule 29 motion is not a substitute for failing to object during the state's presentation of evidence. We find Appellant waived any argument with regard to judicial notice by failing to timely object. Accordingly, the trial court did not err in denying Appellant's motion for acquittal or motion for judicial notice. The trial court also did not err in denying Appellant's motion for a Rule 201 hearing as the Rule pertains to adjudicative facts or facts of the case, not evidentiary issues.

**{¶16}** Appellant's first, second and third assigned errors are overruled.

{¶17} Appellant's conviction in the Morrow County Municipal Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur