**STATE, Plaintiff-Appellee, v HENNING, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4044.   Decided March 10, 1948.

**460**

Glen Kemp, Police Prosecutor, Columbus, for plaintiff-appellee.

Robert M. Draper, Columbus, Eldon H. Young, Toledo, Robert G. Gosline, Toledo, for defendant-appellant.

## OPINION

By MILLER, J.

The defendant-appellant, William Henning, was found guilty by a jury in the Municipal Court of Columbus, Ohio, of the offense of unlawfully practicing medicine and surgery without a license from the State of Ohio. Error was prosecuted to the Common Pleas Court which affirmed the judgment and it is from this order that this appeal is prosecuted.

The first assignment of error is directed to the affidavit which charges that the defendant William Henning, "did unlawfully practice medicine and surgery, before he had obtained a certificate from the State Medical Board of the State of Ohio, in the manner prescribed by law, to wit, that he, the said William Henning, did then and there examine or diagnose, prescribe, advise, recommend, administer and dispense for a fee or compensation to him paid direct or indirect by Mrs. Ruth Linn, a certain drug or medicine, appliance, application, operation or treatment for the cure or relief of a bodily injury, infirmity or disease of Mrs. Ruth Linn, to wit, female organs out of place * * *". The appellant is contending that the affidavit is a blunderbuss affair which does not sufficiently set forth facts to enable the defendant to determine with what he is charged. The record discloses that a motion was filed requesting a bill of particulars which was later withdrawn and the following stipulation was made and agreed upon by counsel for the respective parties:

"1. The affidavit and information filed herein and upon which the prosecution of the defendant William Henning is based, is intended to and does charge the said defendant with the illegal practice of medicine as such, and not any branch or limited branch thereof, as the same are designated or differentiated in the General Code of Ohio. * * *"

We think that the affidavit is sufficiently definite and certain to inform the defendant of the charge. We find nothing ambiguous contained therein. All the elements constituting the offense charged are sufficiently set forth. It is apparent that some of the words used in the affidavit were copied from §1286 GC which could properly have been omitted, but this fact alone does not invalidate the affidavit.

The stipulation entered into further sets forth that the defendant is charged with the illegal practice of medicine, which is certainly clear and should have been understood by this defendant.

Before proceeding to trial a written challenge was filed to the array of the jury, which the Court overruled. It was stipulated in the record that the jury was drawn from the jury wheel of the Municipal Court of Columbus, Ohio, in conformity with §1558-66 GC which section limits the members of the jury to residents of Columbus, Ohio. The appellant contends that this is not in accord with general law, as §13424-1 GC provides:

"In prosecutions before a magistrate, when imprisonment is a part of the punishment, if a trial by jury is demanded, the magistrate, not less than three days nor more than five days before the time fixed for trial, shall certify to the clerk of the court of common pleas of the county that such prosecution is pending before him. Failure to demand a jury as in this section provided, shall be deemed a waiver of the same."

An examination discloses that this section became effective July 21, 1929, while §1558-66 GC became effective September 21, 1939. It is therefore apparent that the Legislature intended to modify §13424-1 GC, if it was ever applicable to the Municipal Court of Columbus, by the enactment of the later statute. The appellant urges that §1558-66 GC has application only to jury trial in civil cases and not to criminal cases. The statute does not provide this, for it says: "Jurors in the Municipal Court shall be chosen and summoned as hereinafter provided * * *." It is apparent that this section refers to all jury trials in the Municipal Court and had it meant otherwise it would have so stated.

The appellant further contends that since the jurors were limited to residents of Columbus, Ohio, **Article I, Section 10** of the **Ohio Constitution** has been violated. This section provides:

"* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person * * *; and to have *. * * a speedly public trial by an impartial jury of the county in which the offense is alleged to have been committed. * * *"

It was stipulated and agreed by counsel that the City of Columbus is in Franklin County; hence the jurors were from the county in which the alleged offense was committed. It is true the jurors were not selected from the entire county, that they were limited only to the residents of Columbus, but **Article I, Section 10** does not proceed further and require the selection to be made from all the townships and municipalities of the county. We are of the opinion that there was no violation of this constitutional provision.

Another assignment of error is that the verdict is manifestly against the weight of the evidence and contrary to law. Briefly, the record discloses that a Mrs. Linn testified that she went to the appellant's office sufering with a pain in her leg; that she was examined first by a Mr. Good in the appellant's office, after which she was in consultation with both the appellant and Mr. Good. The appellant then prescribed certain medicine for her consisting of thyroid tablets, a box of capsules and several other different kinds of medicine. She was also told that her glands did not function properly, and oxygen was injected into her leg by means of a hypodermic needle. She said that Mr. Henning prescribed the medicine for her and she paid him $10.00 for the examination and the medicine was $16.00. This money was paid to the appellant.

The defendant admits giving her the oxygen treatment; that all of the office equipment belonged to him and that all money received from patients was turned over to him. Appellant is contending that he was not engaged in the practice of medicine as defined by §1286 GC which provides as follows:

"A person shall be regarded as practicing medicine, surgery or midwifery, within the meaning of this chapter who uses the words or letters, 'Dr.', 'Doctor', 'Professor', 'M. D.', 'M. B.', or any other title in connection with his name which in any way represents him as engaged in the practice of medicine, surgery or midwifery, in any of its branches, or

who examines or diagnoses for a fee or compensation of any kind, or prescribes, advises, recommends, administers or dispenses for a fee or compensation of any kind, direct or indirect, a drug or medicine, appliance, application, operation or treatment of whatever nature for the cure or relief of a wound, fracture or bodily injury, infirmity or disease. The use of any such words, letters or titles in such connection or under such circumstances as to induce the belief that the person who uses them is engaged in the practice of medicine, surgery or midwifery, shall be prima facie evidence of the intent of such person to represent himself as engaged in the practice of medicine, surgery or midwifery."

The appellant contends that he was practicing naturopathy which is not medicine or any of its branches within the purview of §12694 GC. We are not interested in what name or title the appellant gives to his profession, but we are only interested in whether or not what he did constituted the practicing of medicine as defined by §1286 GC. It was admitted that the appellant was not licensed by the State of Ohio. There is testimony in the record to the effect that he examined, prescribed and dispensed for a fee certain medicines and that he gave a treatment by means of the oxygen needle. The appellant contends that what he gave to Mrs. Linn was neither a drug nor a medicine. Winston's Universal Reference Library defines medicine as being,

"any drug or remedy for the treatment and cure of disease."

Medicine, therefore, is not only a drug but it is also a remedy. The statute may be violated by the dispensing of a remedy as well as a drug. On some of the State's exhibits received by Mrs. Linn at appellant's office, we find the warning: "To be used only by or on the advice of a doctor". On another we find, "Active ingredient thyroid. To be used only by or on the prescription of a physician. It is not safe to take thyroid except under the supervision of a physician".

We are therefore of the opinion that there was ample evidence in the record to support the verdict of the jury and it is not against the manifest weight of the evidence.

Another error assigned is that the Court erred in rejecting evidence offered by the defendant by which he attempted to explain the difference between medicine and naturopathy. This evidence was properly rejected, we think, because as we stated previously we are not interested in what constitutes

naturopathy, but only in what constitutes the practice of medicine. This testimony was properly rejected by the trial court.

A further objection was made to the charge of the Court to the jury which provided:

"I further charge you as a matter of law, that it constitutes practicing medicine or surgery in the State of Ohio to do any or all of the following acts or things, before having obtained a license or certificate from the State Medical Board of Ohio, to wit: To use the words or letters 'Dr.', 'Doctor', 'M. D.', 'M. B.', or any other title in connection with one's name which in any way represents one as engaged in the practice of medicine or surgery in any of its branches."

The affidavit charges the defendant with practicing medicine. The quoted portion of the charge relates to a separate offense of advertising. These are separate offenses. State v Parish, 27 O. N. P. N. S. 242. This charge was therefore improperly given but we are of the opinion that the defendant-appellant was not prejudiced by this charge, and the defendant was not thereby prevented from having a fair trial. See §13449-5 GC.

We find no prejudicial error in the record and the judgment is affirmed.

WISEMAN, PJ, concurs, HORNBECK, J, dissents.

HORNBECK, J, dissenting.
I dissent from the judgment for the reason that the charge against the defendant does not meet the requirements of the law. Nor did the stipulation relieve the infirmity. There is no offense of illegal practice of medicine.

The prosecution should allege and be prepared to prove a specific offense. Here, the affidavit simply copies two-thirds of §1286 GC, in terms, and charges the defendant with a violation of everything therein contained. Manifestly, the testimony supports no verdict of guilt of all of these offenses.

There was no attempt to show that the articles which were given to the prosecuting witness to use by another than the defendant were a drug. Nor was defendant permitted to prove what they were. It may be said that it was not necessary for the prosecution to prove that a drug was administered because the administration of medicine was sufficient, but the defendant was charged with both and found guilty of both.

The only treatment under the record which it appears the defendant administered was that of injecting oxygen into the leg of the prosecuting witness and yet he is charged with diagnosing, prescribing, advising, recommending, administering and dispensing for fee or compensation a drug or medicine, appliance, application, operation or treatment for the cure or relief of a bodily injury, infirmity or disease.

This charge put too much of a burden on the defendant instead of placing it where it belongs, upon the prosecution. Did the prosecuting witness suffer from bodily injury, infirmity or disease? Certainly she was not afflicted with all. Did the defendant prescribe, administer or dispense? Was that which he administered a drug or a medicine? Did he receive a fee or was it compensation? Was it paid to him directly or indirectly? The essential elements of the offense which the prosecution charged should have been segregated and specified so that the defendant could have been put on notice as to what he would be required to meet. There is a general verdict of guilty and the defendant stands convicted of all the things with which he was charged. **Buck v State, 1 Oh St 61.** This could not be true under the evidence.

It would not be difficult to recognize that a murder indictment would be improperly drawn if it charged a defendant with killing another with deliberate and premeditated malice, by means of poison, and in perpetrating or attempting to perpetrate a rape, arson, robbery and burglary. Such an indictment would be comparable to the complaint upon which the defendant was required to go to trial here and upon which he was found guilty generally.