THE STATE OF OHIO, APPELLEE, *v*. FERGUSON, APPELLANT.

(No. 4967—Decided February 3, 1954.)

*Mr. Chalmers P. Wylie,* city attorney, *Mr. Malcolm M. Prine* and *Mr. Bush P. Mitchell,* for appellee.

*Mr. Isadore L. Margulis,* for appellant.

HORNBECK, J.  This is an appeal on questions of law from a conviction of defendant, appellant herein, who was charged in the Municipal Court of Columbus with unlawfully driving a motor vehicle in Jackson Township, on U. S. Route 62, while under the influence of alcohol.

A jury was impaneled from electors of the city of Columbus only.

Counsel for defendant, by appropriate action, questioned the jurisdiction of the trial court over the person of the defendant and the subject matter of the charge.  He also challenged the array of jurors upon the ground that they were not constitutionally chosen as provided ·by Section 10, Article I of the Ohio Constitution.  These rulings of the trial judge are particularly assigned as error as is the verdict of the jury and the sentence and judgment of the trial court.  The charge against the defendant is the violation of subdivision (c) of Section 6296-30, General Code, a part of the Driver's License Law.

It is the contention of the defendant that the jurisdiction of the Municipal Court of Columbus is defined by Sections 1581, 1588, 1598, General Code, and by reference, by Section 13422-2, General Code, and that Section 6296-16, General Code, a part of the Driver's License Law enacted in 1936 is no longer effective, having been repealed by the Municipal Court Act carrying the above cited sections and enacted in 1951.

Sections 1582 and 1583, General Code, merely define the general jurisdiction of the Municipal Courts included in the act, among which is the Columbus Municipal Court, as being within the territorial limits of municipalities.

Section 1598, General Code, provides that:

"The court shall have jurisdiction of the violation of any ordinance of any municipality within its territory and of any misdemeanor committed within the limits of its territory. * * * The court shall have jurisdiction to hear felony cases committed within its territory and to discharge, recognize, or commit the accused. The court shall also have jurisdiction within the limits of the county or counties in which its territory is situated of those crimes and offenses which are now or may hereafter be within the county wide jurisdiction of justices of the peace."

The jurisdiction of a justice of the peace in criminal cases is defined by Section 13422-2, General Code, and no provision thereof would include jurisdiction of the offense here alleged.

Section 6296-16, General Code, provides, among other things:

"For the purpose of enforcing the provisions of this act, any court of record now having criminal jurisdiction shall have county-wide jurisdiction within the county in which it is located to hear and finally determine cases arising under the provisions of this act."

It is the contention of the defendant that that portion of Section 6296-16, General Code, which we have just recited is no longer effective, having been repealed by the Municipal Court Act of 1951. The effective Municipal Court Act was enacted in 1951; the Driver's License Law, in 1936.

If effect be given to the language of Section 6296-16, General Code, then, clearly, the Municipal Court of Columbus had jurisdiction to hear and determine the charge against the defendant. There was no specific reference to Section 6296-16, General Code, when the new Municipal Court Act was enacted in 1951, and if the former section is to be given no application, it

must be upon the determination that it has been repealed by implication. Such a holding should not be made unless the latter legislation clearly requires it. It must be assumed that the Legislature had knowledge of that portion of Section 6296-16, General Code, conferring jurisdiction when it enacted the new Municipal Court Act, and that had it intended to nullify the specific terms of the former section, it would have expressly repealed it. Defendant stresses the word, ''now,'' used in Section 6296-16, General Code.

Counsel for appellee point out properly that the Municipal Court Act is general legislation and that Section 6296-16, General Code, is special legislation and in that situation, the presumption is that the special legislation is intended to remain in force as an exception to the general act. 37 Ohio Jurisprudence, 408, Section 149. Many Ohio cases so hold. *State, ex rel. Fosdick,* v. *Mayor, Recorder and Trustees of Village of Perrysburg,* 14 Ohio St., 473; *Germania Ins. Co.* v. *Sherlock,* 25 Ohio St., 33; *State* v. *Newton,* 26 Ohio St., 200; *Commissioners* v. *Board of Public Works,* 39 Ohio St., 628; *Tighe, a Minor,* v. *Diamond,* 82 Ohio App., 487, 82 N. E. (2d), 99, affirmed 149 Ohio St., 520, 80 N. E. (2d), 122; *Lillie, Exr.,* v. *Bates,* 3 C. C., 94, 2 C. D., 54. Appellee cites also the recent recodification of Section 6296-16, General Code, now Section 4507.15, Revised Code, where the word, ''now,'' is omitted, and it is urged it has no special significance and that the act is as effective to accomplish its purpose without the word, ''now,'' as with it.

By the terms of Section 6296-16, General Code, conferring special criminal jurisdiction upon Municipal Courts, there are but two requisites to that jurisdiction (1) that it be a court of record, and (2) that it have criminal jurisdiction. Both of these conditions at all times have obtained in the Municipal Court of Columbus.

Defendant cites *State* v. *McCoy,* 94 Ohio App., 165, 114 N. E. (2d), 624. The court there had under consideration the jurisdiction of a Municipal Court to hear and determine a violation of the Uniform Traffic Code, and gave no consideration and expressed no opinion as to the jurisdiction of that court under the Driver's License Law. That adjudication does not touch our question.

Defendant urges that he was not accorded his constitutional rights under Section 10, Article I of the Ohio Constitution, in that the jurors in the array were not drawn from the whole county of Franklin, but from the city of Columbus only. We have disposed of this question adversely to the contention of the defendant in *State* v. *Henning,* 83 Ohio App., 445, 448, 78 N. E. (2d), 588.

The verdict and judgment are not contrary to law. We find no error assigned well made. The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.