CITY OF CLEVELAND *v.* WILLIS.

(No. 80-CRB-206—Decided May 8, 1980.)

Cleveland Heights Municipal Court.

*Mr. Mack Valponi,* assistant director of law, for plaintiff. *Messrs. Wuliger, Jacob & Fadel* and *Mr. William T. Wuliger,* for defendant.

GEORGE, J.   The defendant, Winston Willis, was charged with violating Section 191.1505 of the Codified Ordinances of the city of Cleveland by failing to pay city income taxes. A jury demand was made and trial was started in the Cleveland Municipal Court, on October 29, 1979, and ended in a mistrial. The trial judge who was also the administrative judge entered an entry disqualifying the entire Cleveland Municipal Court, consisting of twelve other judges, from hearing the case. The matter was then referred to the Administrative Judge of the Cuyahoga County Common Pleas Court for reassignment. That judge ordered the case reassigned to Judge Sara R.

Hunter of the Cleveland Heights Municipal Court, pursuant to R. C. 2937.20.

This court was specially assigned, by the Supreme Court of Ohio, to the Cleveland Heights Municipal Court. The jury trial of this matter was scheduled upon this court's docket on March 14, 1980. That trial did not proceed as scheduled since several motions to dismiss were filed and remained undetermined. The court heard oral arguments on those motions and took the matter under advisement.

The defendant's motions, which were four in number, concerned the improper removal and transfer of this matter from the Cleveland Municipal Court to the Cleveland Heights Municipal Court; a denial of due process of law and a speedy trial; a failure to prosecute within the mandated time limits of R. C. 2945.71 *et seq.;* and improper venue and double jeopardy.

The prosecution orally moved the court to strike all the motions filed by the defendant for the reason that they were not filed within rule. (Crim. R. 12[C].) While the court agrees with the prosecution that the disqualification procedure is not a reviewable order, this court does have the right and a duty to first determine whether it has jurisdiction to proceed to hearing. Therefore, the prosecution's motions to strike the defendant's dismissal motion with respect to jurisdiction is denied.

This court finds that it does not have jurisdiction to hear and determine the issues of this case and that venue is not within the Cleveland Heights Municipal Court district, as is discussed more fully below.

The record is silent with regard to either party moving a change of venue from the Cleveland Municipal Court to any other court district. And there is no showing that a fair and impartial trial could not be had in that court, nor that there is local prejudice or excitement which would make it impossible to procure a jury in the Cleveland Municipal Court district which would be legally competent to try the defendant. From the defendant's motion, he does in fact object to the procedure of this matter in a court other than the Cleveland Municipal Court. See *State, ex rel. Hartinger,* v. *Court of Common Pleas of Perry County* (1948), 84 Ohio App. 241.

Because a change of venue deals with the constitutional right to be tried by a fair and impartial jury in the district in

which the offense has been alleged to have been committed, there is a procedure to be followed. This procedure includes that there be the filing of an application for a change of venue, along with accompanying affidavits; that notice be given to the opposing party; that a hearing be had on the requested change; and that a finding be made that a fair and impartial trial could not be had in the Cleveland Municipal Court district. This was not done here. R. C. 2901.12 and 2931.29.

Neither party made an application for change of venue. And, while the court itself might make an order for a change of venue, without a motion by either party, even that order must recite a reason for the change of venue.

The Cleveland Municipal Court and the Cleveland Heights Municipal Court are both statutory courts whose jurisdictions are regulated by statute. *State* v. *Veal* (1977), 51 Ohio Misc. 61; R. C. 1901.02, 1901.03(A) and (C) and 1901.20. This is consistent with the proposition that the situs of a criminal court is in the municipal court in whose district the offense is alleged to have been committed, so that a defendant may expect, and in fact may require that a criminal matter be prosecuted in the municipal court district where the offense is said to have occurred (R. C. 2931.041), unless a transfer to another municipal court district has been lawfully obtained.

The defendant is given and guaranteed the right to be tried by an impartial jury in the municipal court district in which the offense charged is alleged to have been committed. Section 10, Article I, Ohio Constitution; *State* v. *King* (1957), 166 Ohio St. 293; and R. C. 2931.041. A transfer of the case to any other municipal court district, without following the procedure set by statute, or without the defendant's consent, denies him that right. Under R. C. 1901.25, a municipal court jury is to be drawn from within the municipal court district itself. Thus, in this case, a jury must be called from the Cleveland Municipal Court district. See *State* v. *Henning* (1948), 83 Ohio App. 445; and *State* v. *Ferguson* (1954), 96 Ohio App. 297.

Under the state of the record in this case, the court finds nothing which transfers venue of this cause to the Cleveland Heights Municipal Court district. Therefore, venue lies within the Cleveland Municipal Court district.

Although venue is within the Cleveland Municipal Court district, it is possible that this court is vested with jurisdiction to hear and determine the matter in the Cleveland Municipal Court district. The defendant has raised the issue, however, that this court lacks jurisdiction, claiming that both the removal and the transfer of this case to this court were improper.

The court agrees with the prosecution that the remedy for challenging venue is by way of prohibition. However, venue is not the only jurisdictional question raised here. In order for this court to hear and determine the matter anywhere, it must have jurisdiction. In this case jurisdiction was not transferred to this court.

Any judge has the authority and, in fact, the duty to disqualify himself (Canon 3C of the Code of Judicial Conduct) when his impartiality might reasonably be questioned. *State, ex rel. Turner,* v. *Marshall* (1931), 123 Ohio St. 586. It follows that the judge presiding over the jury trial in the Cleveland Municipal Court, upon declaring a mistrial, properly disqualified himself from further proceedings.

The other judges of the Cleveland Municipal Court, however, were qualified to hear the matter until either they individually disqualified themselves under Canon 3C; or they were individually challenged, by either party, under R. C. 2937.20, and thereafter were disqualified.

From the record there is an absence of any showing that the twelve remaining municipal court judges each disqualified themselves under Canon 3C. The record is further absent that there was a filing of an affidavit of prejudice as to the twelve remaining judges; any proffer of facts indicating an interest, relationship, bias, prejudice or disqualification as to each of the remaining judges; an examination into a cause for disqualification; and a finding as to any disqualification. These procedures are required under R. C. 2937.20 *et seq.*

While the Common Pleas Court of Cuyahoga County entered an order of disqualification, no affidavit of prejudice was ever filed in this case. The Common Pleas Court acted under R. C. 2937.20; however, the procedure established under that Code section was not followed. *State, ex rel. Pratt,* v. *Weygandt* (1956), 164 Ohio St. 463.

It is agreed that when any question whatsoever is raised as to the fairness and impartiality of the trail judge, doubts should be resolved in favor of the claim of prejudice. But the question must be raised, and it was not. In fact, the defendant insists that one of the other twelve judges of the Cleveland Municipal Court should hear the matter.

Further, the court finds no authority for an administrative judge, of a municipal court, to disqualify all the judges of that court without an individual assignment to each, and a subsequent disqualification by each, either under judicial Canon 3C or R. C. 2937.20.

Since the court finds that jurisdiction is lacking, it cannot proceed to hear and determine the case.

The defendant's remaining motions are not ruled upon in view of the court's finding of lack of jurisdiction over the subject matter of the action.

*Judgment accordingly.*