TAYLOR, Appellee,

v.

CARR, Appellant.

[Cite as *Taylor v. Carr* (1989), 61 Ohio App.3d 368.]

Court of Appeals of Ohio,
Fayette County.

No. CA88–07–012.

Decided March 31, 1989.

*Mark Taylor, pro se.*
*Mark Carr, pro se.*

*Per Curiam.*

This is an appeal by defendant-appellant, Mark Carr, from a decision of the Washington Court House Municipal Court awarding plaintiff-appellee, Mark Taylor, $1,696 in damages on a contract claim.

On March 24, 1986, Carr, the owner of an automobile body shop, gave Taylor an estimate of $900 for repairing and painting a 1965 Mustang owned by Taylor. The estimate stated "[a]ll work guaranteed." The parties orally agreed that the car was to be painted in lacquer. Taylor paid Carr the sum of $900 in June 1986.

When the work was completed, Taylor discovered it had been painted with enamel paint instead of lacquer. Carr informed Taylor that he had painted it with enamel because enamel was more desirable than laquer. Taylor ex-

pressed dissatisfaction but nevertheless took the car because it had been in the shop for several months. A few weeks later, the paint started to bubble and purple spots appeared.

Upon Taylor's request, Carr attempted to repair the defective areas, but the bubbles and spots continued to reappear. In the fall of 1987, Carr agreed to strip the entire car and refinish it with lacquer. Instead, however, he repainted the car in enamel without stripping the old paint. He also failed to paint inside the doors, trunk and hood. Taylor again expressed dissatisfaction with the paint job but took the car. Carr prepared a bill for parts and repairs related to the second paint job but Taylor never saw the bill or paid it. Soon afterwards the second paint job began to bubble and chip.

Taylor took the car to another body shop to obtain an estimate for stripping the car and repainting it with lacquer. The estimate stated the work would cost $1,696. There was some evidence at trial that the car might be worth $5,000 if properly painted. Taylor offered the car for sale with the defective paint job for $3,800. He eventually sold it for $2,000.

On September 25, 1987, Taylor filed a complaint seeking damages in the amount of $9,500. Carr filed a counterclaim for $226.83 for the bill made in connection with the second paint job. After trial, the trial court held that Carr was in breach of contract and awarded Taylor $1,696, the amount of the estimate to refinish the car with lacquer. The court also ruled in favor of Taylor on Carr's counterclaim. This appeal followed.

Carr has failed to clearly define his assignments of error. Based on the contents of his brief, we find them to be as follows:

Assignment of Error No. 1:

"The decision of the trial court is against the manifest weight of the evidence."

Assignment of Error No. 2:

"The trial court erred in admitting hearsay into evidence."

Assignment of Error No. 3:

"The decision of the trial court was biased because the bailiff was Taylor's father."

■ For his first assignment of error, Carr argues that Taylor inaccurately reported or distorted certain facts to the trial court causing it to make a decision against the weight of the evidence. "Judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio

St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Matters as to the credibility of witnesses are for the trier of fact to decide, as the trier of fact had the opportunity to observe the demeanor of the witnesses. Thus, great deference must be given to the findings of fact by the trial court, and a reviewing court should not substitute its judgment for that of the trial court. *Seasons Coal Co., supra,* at 80, 10 OBR at 410–411, 461 N.E.2d at 1276–1277.

Carr admitted that the agreement was to use lacquer when refinishing the vehicle but that he decided to use enamel instead. Thus, there was sufficient competent, credible evidence from which the trial court could determine that Carr was in breach of contract. Accordingly, Carr's first assignment of error is overruled.

For his second assignment of error, Carr argues that the admission of certain hearsay testimony given by Taylor was error. The testimony was as follows:

"A. And, it was all original car. And, uh ... I bought it off a fellow here in town and he was the original owner of the car. And, uh ... I'd had the car up to Mr. Mustang in Dayton. And, those cars are selling for around five thousand dollars ($5,000.00), original like that."

While it is questionable whether this testimony constitutes hearsay under Evid.R. 801, we need not decide that issue. The record shows that Carr, who was represented by counsel at trial, failed to object to the admission of the testimony.

A question as to the admissibility of evidence cannot be raised for the first time on appeal. *State, ex rel. Walker, v. Clark* (1945), 144 Ohio St. 305, 315, 29 O.O. 450, 454, 58 N.E.2d 773, 777. Furthermore, "errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised on appeal." *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630.

Since Carr failed to object to the admission of this testimony, the objection is waived. He may not now raise it for the first time on appeal. Accordingly, his second assignment of error is overruled.

For his third assignment of error, Carr argues that the trial judge was biased because his bailiff was Taylor's father. In regard to disqualification of municipal court judges, R.C. 2937.20 provides:

"When a magistrate or a judge of a court inferior to the court of common pleas * * * is related to or has a bias or prejudice either for or against a party to such cause or to his counsel, or is otherwise disqualified to sit in such

cause, on the filing of an affidavit of such party or his counsel, setting forth the fact of such interest, relationship, bias, prejudice, or disqualification, the clerk or deputy clerk of such court, or such magistrate, shall enter the filing of such affidavit on the docket in said cause * * *. *Such affidavit must be filed not less than twenty-four hours before the time set for the hearing of said cause,* unless such filing is unavoidably prevented. This section applies to criminal and civil proceedings." (Emphasis added.)

"The disqualification of a judge is reserved to that judge and requires either the application of Judicial Canon 3C or the filing of an affidavit of prejudice under R.C. 2937.20 * * *." *Cleveland v. Willis* (1980), 63 Ohio Misc. 40, 17 O.O.3d 385, 410 N.E.2d 823, paragraph four of the syllabus. Canon 3C of the Code of Judicial Conduct provides in part:

"C. Disqualification

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

"(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
" * * *

"(d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

"(i) is a party to the proceeding, or an officer, director, or trustee of a party;

"(ii) is acting as a lawyer in the proceeding;

"(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

"(iv) is to the judge's knowledge likely to be a material witness in the proceeding."

We do not believe that the simple fact that the judge's bailiff, and not the judge himself, was related to one of the parties was a sufficient reason to require disqualification of the judge. There is no indication in the record that the trial judge acted with bias or that Carr received anything but a fair and impartial hearing. The trial judge may have excused himself or used a substitute bailiff if he felt there was an appearance of impropriety but he was not required to do so.

Since this situation is not within the scope of Canon 3C, it was necessary for Carr to file an affidavit of bias and prejudice within the time limits specified by the statute. Nevertheless, Carr failed to file such an affidavit. Thus, it

was within the discretion of the trial judge to hear the case. Accordingly, Carr's third assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.