JOURNAL ENTRY AND OPINION
General Motors Acceptance Corporation commenced an action against Richard Davet in the Cleveland Municipal Court known as Case No. 96CVF27296 alleging breach of two automobile lease agreements. GMAC's motion to transfer the case to the Shaker Heights Municipal Court was granted and the case proceeded as Gen. Motors Acceptance Corp. v. Davet, Shaker Hts. Mun. Court Case No. 98CVF00135. No party objects to that transfer.
However, the sole judge of the Shaker Heights Municipal Court filed an Affidavit of Disqualification Pursuant to O.R.C. S2937.20" in which she concluded that given this court's duty to avoid the appearance of impropriety, I disqualify myself pursuant to Canon 3(C) of the Ohio Code of Judicial Conduct.[1] The judge then instructed the clerk of the Shaker Heights Municipal Court to file the affidavit in Case No. 98CVF00135 and to notify the presiding judge of the Court of Common Pleas in accordance with R.C. 2937.20.
Upon receipt of that notice, the presiding judge of the Common Pleas Court issued an order in Cuyahoga County Court of Common Pleas Special Docket No. 074629 transferring Case No. 98CVF00135 from the Shaker Heights Municipal court, to Judge Kenneth R. Stralka of the Garfield Heights Municipal Court and the case proceeded as Gen. Motors Acceptance Corp. v. Davet, Garfield Hts. Mun. Court Case No. 99CVF00171. The Garfield Heights Municipal Court nonetheless randomly assigned that case to the other judge in the Garfield Heights Municipal Court. Thereafter, the Garfield Heights Municipal Court entered summary judgment for GMAC on both counts of the complaint in the amounts of $3,464.94 and $3,514.12, respectively, plus interest on both counts at the rate of 10% per annum from October 24, 1996.
Davet timely appealed from that judgment and has filed two assignments of error for our review. The first, which we have determined is dispositive of this appeal, states:
 The Trial Court erred in accepting jurisdiction in this matter and proceeding in this matter due to the fact that the Garfield Heights Municipal Court is not permitted by law to exercise jurisdiction in this case, that Judge McMonagle of the Cuyahoga County Court of Common Pleas had no authority to transfer the case to the Garfield Heights Municipal Court and due to the fact that even if jurisdiction was proper in the Garfield Heights Municipal Court the case was not properly before Judge Nicastro due to the fact that Judge McMonagle transferred the case to Judge Stralka.
Thus, the issue presented to us on this this appeal concerns whether the presiding judge of the Common Pleas Court had authority to transfer the underlying case from the Shaker Heights Municipal Court to the Garfield Heights Municipal Court.
R.C. 2701.031[2] governs the procedure for disqualification of a municipal judge and provides, in part:
 (A) If a judge of a municipal * * * court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the court in which the proceeding is pending.
* * *
 (C)(1) Except as provided in division (C)(2) of this section [regarding timeliness], when an affidavit of disqualification is presented to the clerk of a municipal or county court for filing under division (B) of this section, the clerk shall enter the fact of the filing on the docket in that proceeding and shall provide notice of the filing of the affidavit to one of the following:
 (a) The presiding judge of the court of common pleas of the county * * *. (Emphasis added.)
Davet urges that the presiding judge of the Common Pleas Court lacked authority to transfer the underlying case from the Shaker Heights Municipal Court to the Garfield Heights Municipal Court because a party did not file the affidavit of disqualification, as specified in R.C. 2701.031. Hence, Davet asserts, the statute does not affect this judicial disqualification. We agree.
In Bedford v. Lacey (1985), 30 Ohio App.3d 1, 506 N.E.2d 224, the appellant attorney, Richard Agopian, appealed from his contempt conviction in the Garfield Heights Municipal Court. The underlying criminal case which gave rise to the citation for contempt, however, arose in the Bedford Municipal Court. The judges of the Bedford Municipal Court issued an entry indicating that they would disqualify themselves and ordered the clerk to notify the Chief Justice of Common Pleas Court and forward the within causes to him for further proceedings and reassignment to another Court. Id. at 2, n. 2. The presiding judge of the court of common pleas, acting pursuant to R.C. 2937.20, assigned the case to the Garfield Heights Municipal Court. That court issued the entry finding Agopian in contempt of court and sentencing him to a fine and five days confinement. The court, however, suspended the jail time. Id. at 3, 9-11.
On appeal, our court issued two opinions, a lead opinion and a separate concurring opinion. The third judge on the panel concurred with the lead opinion in judgment only. The lead opinion stated:
 In conclusion, this court holds that the Chief Justice of the Ohio Supreme Court has the authority to appoint or assign a judge to a municipal court when all of its judges have voluntarily disqualified themselves; further, that R.C. 2937.20 does not apply to circumstances such as we are confronted with in the case at bar; and that the presiding judge of the court of common pleas had no authority to assign a judge to the Bedford Municipal Court or to transfer the case to the Garfield Heights Municipal Court. In any event, the transfer of this case to the Garfield Heights Municipal Court was error, and that court lacked the territorial subject matter jurisdiction to proceed in this matter.
Without jurisdiction, the Garfield Heights Municipal Court could not have issued the orders which led to appellant [attorney] Agopian's contempt conviction.
Consequently, the judgment of the Garfield Heights Municipal Court is reversed, and final judgment is entered in favor of appellant.
Id. at 6. The concurring opinion however concluded:
 In my view, the Garfield Heights Municipal Court had jurisdiction over the underlying criminal case.
 Consequently, it had jurisdiction to punish the attorney, if he contumaciously disrupted proceedings in that case.
 Voluntary recusal by both judges in the Bedford Municipal Court had the same legal effect as unopposed affidavits of prejudice regarding their service. Cf. Cleveland v. Willis (M.C. 1980), 63 Ohio Misc. 40, 43, 17 O.O.3d 385, 387-388, 410 N.E.2d 823, 826; State, ex rel. Sowell, v. Lovinger (May 3, 1984), Cuyahoga App. No. 45529, unreported, at 8. Consequently, the Chief Justice of the Cuyahoga County Common Pleas Court then had authority to "designate another magistrate of the * * * county" who should "proceed to try such cause. * * * " R.C. 2937.20; State, ex rel. Sowell, v. Lovinger, supra.
Id. at 8.
Rep.R. 2(G)(2) provides, in part: Opinions reported in the Ohio Official Reports * * * shall be considered controlling authority for all purposes in the judicial district in which they were rendered unless and until each such opinion is reversed or modified by a court of competent jurisdiction. Although in Bedford, our court was unanimous in its judgment reversing the contempt conviction, Bedford presents the rare circumstance in which a majority of this court did not adopt a common rationale for reaching that result. The two judges who wrote opinions reached the opposite conclusion on the dispositive issue in this case: the propriety of the transfer of the underlying case by the presiding judge of the court of common pleas. Although the lead opinion concluded that the Garfield Heights Municipal Court did not have jurisdiction over the underlying criminal case and contempt proceedings, the concurring opinion concluded that the Garfield Heights Municipal Court did have jurisdiction. As the following analysis indicates, the primary authorities require that we hold that the presiding judge of the court of common pleas lacked the authority to transfer the underlying case to another municipal court.
Section 5, Article IV, Ohio Constitution provides, in part:
(A) * * *
 (3) The chief justice or acting chief justice, as necessity arises, shall assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court on any other court of common pleas or division thereof or any court of appeals or shall assign any judge of a court of appeals temporarily to sit or hold court on any other court of appeals or any court of common pleas or division thereof and upon such assignment said judge shall serve in such assigned capacity until the termination of the assignment. Rules may be adopted to provide for the temporary assignment of judges to sit and hold court in any court established by law.
* * *
 (C) The chief justice of the supreme court or any judge of that court designated by him shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof. Rules may be adopted to provide for the hearing of disqualification matters involving judges of courts established by law. (Emphasis added.)
Assignment of judges is, therefore, the exclusive province of the chief justice.
As noted above, R.C. 2701.301 — and its predecessor, R.C.2937.20 — govern the procedure for disqualification of a municipal judge.
 A review of R.C. 2937.20, however, indicates that this section of the Revised Code applies only when an affidavit of prejudice is filed by the party or his counsel. * * * R.C. 2937.20 does not contain a provision applicable to judges who disqualify themselves.
Bedford, supra, at 4-5. In Williams v. Banner Buick, Inc. (1989),60 Ohio App.3d 128, 574 N.E.2d 579, the Twelfth Appellate District reached the same conclusion:
 Thus, it is evident that an affidavit must be filed by a party in order for the procedure outlined in R.C. 2937.20
to be applicable. Further, pursuant to Sections 5(A)(3) and (C) of Article IV of the Ohio Constitution and Bedford, supra, the Chief Justice of the Ohio Supreme Court has the sole authority to decide an appointment with respect to a municipal judge who has disqualified himself.
Id. at 133. (Emphasis in original.)
The facts of this case demonstrate that the Shaker Heights judge disqualified herself; this type of disqualification is outside the requirement set forth in the express language of R.C.2701.031 which states that an affidavit of disqualification must be filed by a party or a party's counsel. The plain language of the statute, therefore, requires that we hold that the transfer of Shaker Hts. Mun. Court Case No. 98CVF00135 to the Garfield Heights Municipal Court did not conform to R.C. 2701.031.
Section 5(A)(3), Article IV, Ohio Constitution, authorizes the Chief Justice of the Supreme Court of Ohio to assign a judge to preside over Shaker Hts. Mun. Court Case No. 98CVF00135. The chief justice has announced Guidelines for Assignment of Judges which were published originally in 1988 at 37 Ohio St.3d xxxix and, as revised in 1994, published at 69 Ohio St.3d XCIX. Cf. Guideline 5(d) [recusal], at 69 Ohio St.3d C.
We hold that because the Shaker Heights jurist disqualified herself in this case, R.C. 2701.031 did not become operative; therefore, the case was erroneously transferred to the Garfield Heights Municipal Court and that court lacked jurisdiction to enter a judgment. As a consequence, we reverse and vacate the judgment entered by the Garfield Heights Municipal Court and instruct the clerk of the court of appeals to transmit the original papers to the clerk of the Shaker Heights Municipal Court. The Shaker Heights Municipal Court is instructed to request the Chief Justice of the Ohio Supreme Court to assign a judge to hear Shaker Hts. Mun. Court Case No. 98CVF00135 in accordance with the Guidelines for Assignment of Judges. See 37 Ohio St.3d xxxix and 69 Ohio St.3d XCIX, C.
Appellant's first assignment of error is, therefore Appellant's sustained. In light of our disposition of the jurisdictional issue, appellant's second assignment of error[3] is moot and we decline to address it in accordance with App.R. 12(A)(1)(c).
Accordingly, we reverse and vacate the judgment of the Garfield Heights Municipal Court and remand this case to the Shaker Heights Municipal Court for further proceedings consistent with this opinion.
Judgment of the Garfield Heights Municipal Court reversed and vacated; case remanded to the Shaker Heights Municipal Court.
The judgment of the Garfield Heights Municipal Court is reversed and vacated and the case is remanded to Shaker Heights Municipal Court for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
TERRENCE O'DONNELL, PRESIDING JUDGE
KENNETH A. ROCCO, J. and PATRICIA A. BLACKMON, J., CONCUR
[1] As amended, Canon 3(E) of the Code of Judicial Conduct now governs disqualification.
[2] Effective November 20, 1996, R.C. 2937.20 was renumbered as R.C. 2701.031. R.C. 2701.031 governs affidavits of disqualification filed on or after the effective date. Section 3, S.B. No. 263, 146 Ohio Laws. State ex rel. Novak v. Carroll (Sept. 2, 1999), Cuyahoga App. No. 75098, unreported, at 7-8.
[3] Appellant's second assignment of error is:
 The Trial Court erred in granting Plaintiff's Motion for Summary Judgment by violating Defendant's right to due process of law after the Court gave notice that Defendant would have two weeks to file a response to the Motion for Summary Judgment and then deprived the Defendant of a meaningful opportunity to be heard by ruling on the Motion for Summary Judgment after only five days had elapsed.