JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Demetrius Cannon, appeals his conviction. For the reasons that follow, we affirm.
 {¶ 2} Appellant was indicted by the Cuyahoga County Grand Jury on the following counts: counts one and two, drug trafficking; count three, possession of drugs; and count four, possessing criminal tools. The charges were fifth degree felonies. Appellant waived his right to a jury trial and the case proceeded to a bench trial.
 {¶ 3} At the conclusion of the State's case-in-chief, the defense made a Crim.R. 29 motion for acquittal. The court granted the motion as to count two of the indictment, drug trafficking (preparation), but denied the motion as to the remaining counts. Appellant did not present any evidence. The court subsequently found appellant guilty of the remaining three counts as charged in the indictment.
 {¶ 4} Appellant was sentenced to seven months on each of the three counts, to be served concurrently. Appellant now challenges his conviction based on sufficiency and weight of the evidence.
 {¶ 5} At trial, the State presented the testimony of Detective Juan Mendoza of the Cleveland police department's first district vice unit. Detective Mendoza explained that on the evening of April 16, 2005, he and his unit performed a drug initiative in the area of West 83rd Street and Detroit Avenue in Cleveland.
 {¶ 6} Detective Mendoza testified that he was positioned in the area in an undercover vehicle while another detective from his unit conducted surveillance.
 {¶ 7} Shortly after surveillance had been set up, Detective Mendoza observed a male and female in the parking lot of a gas station. Detective Mendoza described the couple as "just standing" there, "looking around." Detective Mendoza found their activity to be suspicious. Detective Mendoza also observed appellant, who was standing across the street from the couple, and who was also looking around and at cars as they passed by. Detective Mendoza testified that in his experience as a detective, appellant and the couple's behavior were consistent with drug activity.
 {¶ 8} The couple eventually caught appellant's attention, and appellant nodded at them. Appellant then crossed the street and approached the couple. Appellant and the male engaged in a brief conversation and then walked together a short distance. They subsequently signaled to the female, Diane Powell (appellant's co-defendant), to join them. Upon joining appellant and the male, Powell and appellant engaged in a hand-to-hand transaction. Detective Mendoza testified that he observed Powell hand money to appellant, and appellant handed her a small object. Based upon his experience, Detective Mendoza believed a drug transaction had occurred.
 {¶ 9} After the exchange between appellant and Powell, appellant immediately walked away, heading westbound on Detroit Avenue, and Powell and the male returned to the gas station. Detective Mendoza called for back-up assistance, who arrived almost immediately and detained Powell and the male. The police recovered a crack pipe from Powell's person, and a rock of crack cocaine, wrapped in plastic, was recovered from her mouth.
 {¶ 10} Meanwhile, Detective Mendoza, along with other detectives from his unit, apprehended appellant. As the other detectives approached appellant in a marked vehicle, appellant ran in the opposite direction. Appellant was apprehended several blocks away. A bag of marijuana and $23 in cash were found on appellant's person.
 {¶ 11} At trial, the State and appellant stipulated to the weight and authenticity of the drugs.
 {¶ 12} In his two assignments of error, appellant challenges the sufficiency and weight of the evidence. For the reasons set forth below, both of appellant's assignments of error are without merit.
 {¶ 13} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 14} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing State v.Thompkins (1997), 78 Ohio St.3d 380, 390, 1997-Ohio-52,678 N.E.2d 541 (Cook, J., concurring).
 {¶ 15} "[B]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA0064625.
 {¶ 16} When a defendant asserts that his conviction was against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340, 515 N.E.2d 1009. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 17} As will be discussed below, appellant's conviction was not against the manifest weight of the evidence and, thus, his Crim.R. 29 claim of insufficiency of the evidence also fails.
 {¶ 18} R.C. 2925.03, governing trafficking in drugs, provides that "[n]o person shall knowingly * * * sell or offer to sell a controlled substance[.]" R.C. 2925.11, governing possession of drugs, provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Finally, R.C. 2923.24, governing possessing criminal tools, provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with the purpose to use it criminally."
 {¶ 19} Appellant contends that Detective Mendoza, the State's sole witness, testified to hearsay (i.e., what the other detectives told him). Appellant's counsel, however, failed to raise a hearsay objection at trial. The failure to object is considered a waiver of the objection, and the admissibility of the evidence cannot be raised for the first time on appeal.Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43,322 N.E.2d 629; Taylor v. Carr (1989), 61 Ohio App.3d 368,572 N.E.2d 805. Thus, the evidence may properly be considered and given its natural probative effect as if it were at law admissible. Modern Motor Express, Inc. v. P.U.C. (1950), 154 Ohio St. 271, 277, 95 N.E.2d 764.
 {¶ 20} Contrary to appellant's characterization that "[t]he state's case [was] totally dependent on hearsay testimony[,]" much of Detective Mendoza's testimony was as to his own observations. In particular, Detective Mendoza observed appellant and Powell engage in a hand-to-hand exchange. Prior to that hand-to-hand exchange, Detective Mendoza observed Powell and her companion and appellant suspiciously looking around, behavior commonly exhibited by individuals engaged in drug activity. Further, Detective Mendoza observed appellant run when the police approached him.
 {¶ 21} As a result of Detective Mendoza's observations, a rock of crack cocaine, still wrapped in plastic, was recovered from Powell's mouth; a crack pipe was also recovered from her person. And a bag of marijuana and currency were recovered from appellant's person.
 {¶ 22} Upon review of the record, there was overwhelming evidence presented that appellant possessed drugs and criminal tools and engaged in drug trafficking. Accordingly, appellant's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., concur.