[Cite as *State v. Glavic*, 2020-Ohio-2789.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-064** |
| ALAN GLAVIC, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 2018 CRB 03785.

Judgment: Affirmed.

*Richard J. Perez,* City of Willoughby Prosecutor, and *Leslie S. Johns*, Assistant Prosecutor, 4230 State Route 306, suite 240, Willoughby, Ohio 44094 (For Plaintiff-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, Ohio 44060 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Alan Glavic, was charged with theft, a first-degree misdemeanor in violation of R.C. 2913.02(A)(1). Glavic was convicted after a bench trial and sentenced to 180 days in jail and ordered to pay $100 restitution.

{¶2} Glavic appeals raising two assignments of error:

{¶3} "[1.] The court's finding of guilt and Glavic's subsequent conviction for theft in violation of ORC 2913.02(A)(1) is contrary to the manifest weight of the evidence;

therefore, Glavic's conviction for said count should be overturned, and Glavic should be remanded for a new trial.

{¶4} "[2.] The trial court's admission of hearsay to prove an element of the theft offense at hand should be overturned, and Glavic should be remanded to the trial court for a new trial."

{¶5} We address Glavic's second assigned error first. He claims his conviction should be reversed since the trial court erred in overruling his objection to hearsay and absent the hearsay evidence, he would not have been convicted.

{¶6} A Giant Eagle cashier, Laura, was the only witness to testify at trial. At the time of trial, Laura had worked for Giant Eagle for 16 years including six years at this store.

{¶7} In November 2018, Laura was entering the store to begin her shift at approximately 9:50 p.m. She saw Glavic leaving the store with a cart half full of groceries valued at approximately $100. None of the groceries were bagged, and there was a turkey in the bottom of the cart. No one stopped Glavic as he exited the store, but Laura asked two other customers if they had seen him use the self-checkout, and they had not. Laura saw Glavic exiting through the produce doors instead of the doors closest to self-checkout. Laura then asked her co-worker if Glavic had checked out, and the co-worker confirmed that he had not gone through the line.

{¶8} Glavic contends that the trial court erred in admitting Laura's hearsay testimony about what her co-worker told her, and that absent this evidence, Glavic would not have been convicted. Glavic does not argue that the statements about what the other customers told Laura should have also been excluded as hearsay.

2

{¶9} "The admission of evidence is a matter committed to the sound discretion of the court. *Hineman v. Brown,* 11th Dist. No. 2002-T-0006, 2003-Ohio-926, at ¶ 10. Where error in the admission of evidence is alleged, the reviewing court should be slow to interfere unless the trial court has clearly abused its discretion and the defendant has been materially prejudiced thereby. *State v. Lyles* (1989), 42 Ohio St.3d 98, 99, 537 N.E.2d 221." *Sykes v. Gen. Motors Corp.*, 11th Dist. Trumbull No. 2003-T-0007, 2003-Ohio-7217, ¶ 8.

{¶10} "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' * * *. * * * [A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler,* 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' *Id.* at ¶ 67." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶ 70.

{¶11} Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Absent exception, hearsay evidence is inadmissible. Evid.R.

802; *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, 19 N.E.3d 981, ¶ 21.

{¶12} A trial court has no discretion to admit inadmissible hearsay as it is precluded as a matter of law. The failure to object, as here, however, results in waiver. *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975); *Taylor v. Carr*, 61 Ohio App.3d 368, 572 N.E.2d 805 (1989). Thus, the evidence may properly be considered and given its natural probative effect as if it were at law admissible. *Modern Motor Express, Inc. v. P.U.C.*, 154 Ohio St. 271, 277, 95 N.E.2d 764 (1950). *State v. Cannon,* 8th Dist. Cuyahoga No. 87350, 2006-Ohio-5433, ¶ 19.

{¶13} Laura's testimony encompassed hearsay statements, i.e., statements of others offered for the truth of the matter asserted. However, because her testimony was not objected to at first, the trial court did not prejudicially err in overruling the objection when it was raised because the statements were already admitted and before it.

{¶14} Laura's first two hearsay statements occur during her direct testimony without objection:

{¶15} "Q. What did you do after you witnessed this occur?

{¶16} "A. What I did is I went to speak to two customers to ask if they saw [Glavic] go through the self-checkout.

{¶17} "Q. And was there confirmation that they did not?

{¶18} "A. They did not see him go through the self-checkout at all."

{¶19} "* * *

{¶20} "Q. Now, did you have an opportunity to speak with an officer * * * about this situation?

{¶21} "A. I immediately – what I did afterward is I went to check with my partner that I was relieving to see if [Glavic] did come through, and he said [Glavic] did not come through, so I automatically called the * * * police * * *."

{¶22} Laura's statements repeating what the customers told her and what her co-worker told her are hearsay since they were offered for the truth of the matter asserted, i.e., that these individuals did not see Glavic pay for his groceries, and because these individuals did not testify at trial, Laura's testimony repeating their statements was inadmissible. Evid.R. 801(C); Evid.R. 802.

{¶23} Defense counsel later objected when Laura repeated part of the hearsay testimony while she was narrating the grocery store's surveillance footage:

{¶24} "A. * * * I went to talk to my team partner to see if [Glavic] did come through the self-checkouts and not bag his stuff.

{¶25} "Q. And * * * what did you find out?

{¶26} "A. Found out that nobody had come through - - [Defense counsel]: Objection."

{¶27} The trial court overruled the objection without explanation. Thereafter, and during cross-examination, Laura repeated the hearsay again, as did defense counsel, with no further objections while counsel was inquiring into the depth of Laura's personal knowledge:

{¶28} "Q. But you didn't know a theft had occurred?

{¶29} "A. Right. I wanted to make sure.

{¶30} "Q. You only found that out after you walked all the way around and spoke to another member of the store, the staff; correct?

5

{¶31} "A.  Correct.

{¶32} "* * *

{¶33} "Q.  And it's possible that this person [Glavic] could have gone through the self-checkout or the cashier, maybe these two people [customers] just didn't see him?

{¶34} "A.  I don't think so, because the person that's running self-checkout is standing right there in front."

{¶35} "* * *

{¶36} "A.  The two people that witnessed him also [were] going out to the right side of the door."

{¶37} On redirect Laura states:

{¶38} "Q.  And how certain are you that the defendant did not pay for those items that he walked out with?

{¶39} "A.  I'm 120 percent sure that he did not pay for it, because my partner watches that front end like a hawk and he knows what went through the registers, what went through the self-checkouts, whether or not a person did or did not bag their stuff."

{¶40} Then on re-cross-examination, the following exchange occurred between Laura and defense counsel:

{¶41} "Q.  And you're saying that based on your own personal knowledge or is this based on what somebody else told you?

{¶42} "A.  On my own personal knowledge.

{¶43} "Q.  * * * You went and asked someone else if someone had checked out; right?

{¶44} "A.  Correct.

{¶45} "Q. Okay. And they told you the answer?

{¶46} "A. Correct.

{¶47} "Q. Okay. So now it's their personal knowledge of what they heard and saw; correct?

{¶48} "A. Correct.

{¶49} "Q. It's not your personal knowledge?

{¶50} "A. No.

{¶51} "* * *

{¶52} "A. I'm 100 percent – 120 percent that he told me the exact truth that the person did not check out through the checkout lines or through a cashier.

{¶53} "* * *

{¶54} "Q. But you did not see or hear that for yourself; right? You heard it from another person?

{¶55} "A. I asked him."

{¶56} Although the exchange confirms that Laura's certainty is based in part upon her co-worker's statements to her, her testimony in this regard was already before the court without objection. Thus, we disagree that the trial court prejudicially erred in overruling the objection because this evidence was already admitted. Thus, Glavic's second assigned error is overruled.

{¶57} Glavic's first assigned error claims his conviction is against the manifest weight of the evidence and not supported by sufficient evidence.

{¶58} When an appellate court finds that a defendant's conviction is supported by the weight of the evidence, this conclusion includes a finding that sufficient evidence

7

supports the conviction. *State v. Smith,* 11th Dist. Portage No. 2016-P-0074, 2018-Ohio-4799, ¶ 53, *motion for delayed appeal granted,* 155 Ohio St.3d 1411, 2019-Ohio-1205, 120 N.E.3d 30, and *appeal not allowed,* 156 Ohio St.3d 1452, 2019-Ohio-2780, 125 N.E.3d 947, and *appeal not allowed,* 157 Ohio St.3d 1564, 2020-Ohio-313, 138 N.E.3d 1165.

{¶59} In reviewing a challenge to the sufficiency of the evidence, an appellate court views the evidence in a light most favorable to the prosecution. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). Sufficiency is "a term of art meaning that legal standard which is applied to determine whether the case may go to the [finder of fact] or whether the evidence is legally sufficient to support the * * * verdict as a matter of law. * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶60} "In viewing a sufficiency of the evidence argument, the evidence and all rational inferences are evaluated in the light most favorable to the prosecution. *See State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). A conviction cannot be reversed on grounds of sufficiency unless the reviewing court determines that no rational juror could have found the elements of the offense proven beyond a reasonable doubt. *Id.*" *State v. Carter*, 7th Dist. Mahoning No. 15 MA 0225, 2017-Ohio-7501, 96 N.E.3d 1046, ¶95, *appeal not allowed,* 151 Ohio St.3d 1515, 2018-Ohio-365, 90 N.E.3d 952.

{¶61} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the

8

judgment is against the weight of the evidence. * * * Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*' (Emphasis added.) [Black's Law Dictionary (6 Ed.1990) ], at 1594.

{¶62} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a ' "thirteenth juror" ' and disagrees with the factfinder's resolution of the conflicting testimony. * * * See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ('The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')." *Thompkins*, 78 Ohio St.3d 380, at 387.

{¶63} "The trier of fact is free to believe all, part, or none of the testimony of any witness, and we defer to the trier of fact on evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice

9

inflections, and to use these observations to weigh their credibility. * * *." *State v. Miller*, 4th Dist. Hocking No. 18CA3, 2019-Ohio-92, ¶ 28.

{¶64} Glavic was convicted of theft in violation of R.C. 2913.02(A)(1), which states in part that "[n]o person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent * * *."

{¶65} As stated, Laura, was the only witness at trial. She recalls entering the store at about 9:50 p.m. through the doors nearest to the produce section. She believed that only self-checkout was open at the time, and these doors were on the opposite side of the store. It struck her as odd that a man was exiting through these doors with a cart half full of groceries that were not bagged and that he had a turkey on the bottom rack of the cart. However, Laura acknowledged that some customers do not like to use the blue bags.

{¶66} Laura testified that she then spoke to two customers, who confirmed that they did not seen Glavic use self-checkout. She then went to see her co-worker, who she was relieving for the night, and he confirmed that Glavic did not come through the line. So, Laura contacted police and ultimately identified a photograph of Glavic as the man leaving the store with unbagged groceries.

{¶67} The state also played the surveillance footage at trial, which confirms Laura's recollection and testimony, but it does not depict the registers or whether Glavic paid for his items. And when asked if she found any receipts or anything confirming Glavic purchased his items that day, Laura answered no.

10

{¶68}  On cross-examination, Laura was steadfast in her belief that Glavic had not paid for his groceries that night, albeit she admitted that her belief was based, in part, on her co-worker's statement that Glavic had not paid.

{¶69}  Based on the foregoing, Glavic's conviction is based on sufficient evidence. And after reviewing the record and weighing the evidence and all reasonable inferences, we do not find the trier of fact clearly lost its way.  Thus, Glavic's first assigned error lacks merit.

{¶70}  The trial court's decision is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.